COMMONWEALTH *vs.* RUSSELL F. BANFILL, JR. August 11, 1992. *Kidnapping. Attempt.*

The defendant was tried by a judge without a jury on an indictment charging him with an attempt to kidnap a thirteen year old girl. At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty. The judge denied the motion, and, at the conclusion of all the evidence, found the defendant guilty as charged. After sentencing, the defendant appealed. We transferred the appeal to this court on our own initiative. We now reverse the conviction on the ground that the evidence was insufficient to warrant a guilty finding.

We must "consider whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to permit a jury [or a judge] to infer beyond a reasonable doubt the essential elements of the crime[ ] charged." *Commonwealth* v. *Ortiz,* 408 Mass. 463, 464 (1990). *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979). With that principle in mind, we recite the critical evidence most favorable to the Commonwealth. The alleged victim testified that, on June 4, 1990, at about 5:30 P.M, she walked from her home to a store and was returning home when a truck, operated by the defendant, stopped three to five feet from her. The driver's window was open. The driver asked the alleged victim for directions to Summer Avenue, and she answered that she did not know where Summer Avenue was and that she was visiting her grandmother. In fact, the alleged victim was not visiting her grandmother, but she told the defendant that she was "[b]ecause he just kind of looked at [her] funny, and the way he was asking [her] was kind of in a weird way to [her]." Then the following questions were asked of the witness and the following answers were given:

*Q.:* "Did he say anything else?"

*A.:* "Not that I remember."

*Q.:* "Did he say something about — what else did he say?"

Defense counsel objected and the judge overruled his objection. The witness then answered.

*A.:* "Well, after, when I was just about ready to leave, he told me to get in."

The witness did not remember whether the defendant said anything after that. The alleged victim testified that she ran away. From the time she stopped to speak to the defendant until she ran away, less than twenty-five

seconds elapsed. On cross-examination the witness testified that the defendant did not "make a move toward" her in any way, that he did not open the truck door or display a weapon, and he did not "try to grab out" at her.

General Laws c. 274, § 6 (1990 ed.), provides that "[w]hoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration, shall, except as otherwise provided, be punished . . . ." "There is little Massachusetts case law construing and applying this statute. The statute requires not only an intention to commit the underlying offense, see *Commonwealth v. Ware*, 375 Mass. 118, 120 (1978), but also an overt act toward its commission, *Commonwealth v. Gosselin*, 365 Mass. 116, 121 (1974); *Commonwealth v. Foley*, 24 Mass. App. Ct. 114, 115 (1987)." *Commonwealth v. Ortiz, supra* at 470.

The Massachusetts kidnapping statute, G. L. c. 265, § 26 (1990 ed.), provides: "Whoever, without lawful authority, forcibly or secretly confines . . . another person . . against [her] will . . . shall be punished . . . ." The evidence in this case does not warrant a finding that the defendant intended forcibly or secretly to confine the alleged victim. Therefore, even if the defendant's statement to the alleged victim to "get in" constituted an overt act, as the Commonwealth argues, a matter we do not decide, the evidence was insufficient to prove the indictment, and the defendant's motion for a required finding of not guilty should have been allowed.

> *Judgment reversed.*
> *Finding set aside.*
> *Judgment for the defendant.*

*Meade G. Burrows* for the defendant.
*Nancy Sarokhan*, Assistant District Attorney, for the Commonwealth.


