Commonwealth v. Filopoulos.

COMMONWEALTH vs. ALEX FILOPOULOS.

Essex. May 9, 2007. - April 18, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Enticement of Minor. Practice, Criminal,* Instructions to jury. *Intent.*

A substantial risk of a miscarriage of justice arose at the trial of an indictment charging child enticement under G. L. c. 265, § 26C, where the judge's instructions to the jury did not adequately convey that the statute required the Commonwealth to prove beyond a reasonable doubt that the defendant intended that the object of his sexual advances be an underage individual (in other words, here, that he acted with the intent to violate certain so-called strict liability statutes, that is, G. L. c. 265, §§ 13B [indecent assault and battery on a child under fourteen] and 23 [rape and abuse of a child]), and likely misled the jury as to the requisite proof of intent; consequently, the defendant's conviction of child enticement warranted reversal. [237-243]

INDICTMENT found and returned in the Superior Court Department on August 27, 2003.

A pretrial motion to dismiss the indictment was heard by *Thomas P. Billings,* J., and the case was tried before *David A. Lowy,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Michael R. Schneider* (*Ryan M. Schiff* with him) for the defendant.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

*Claudia Leis Bolgen,* Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

IRELAND, J. In April, 2004, a jury found the defendant guilty of child enticement. G. L. c. 265, § 26C. The Commonwealth maintained that the defendant lured a twelve year old girl into his automobile with the intent to violate two statutes: G. L.

c. 265, § 23 (rape and abuse of a child, commonly referred to as statutory rape) and G. L. c. 265, § 13B (indecent assault and battery on a child under the age of fourteen).[1] The defendant was sentenced to from three to five years in State prison and required to register as a sex offender. He now appeals. We granted his application for direct appellate review.

The defendant claims that the judge erred in instructing the jury that the Commonwealth was not required to prove that the defendant knew the child's age in order to prove that he intended to violate G. L. c. 265, §§ 13B and 23, both of which are so-called strict liability statutes.[2] As discussed in *Commonwealth* v. *Disler, ante* 216, 225-229 (2008), released today,[3] we conclude that the child enticement statute requires the Commonwealth to prove, in a situation like this, that the defendant *intended that the object of his sexual advances be an underage individual.* Because the judge's instructions in this case did not adequately convey that point to the jury, and likely misled the jury as to the requisite proof of intent, we reverse the defendant's conviction.

*Background.* On April 9, 2003, the alleged victim, a sixth grader who had turned twelve years old two days earlier, was walking home from her school in Lynn. At that time, the defendant was driving his automobile in the same vicinity, accompanied by a female prostitute named Holly. It is undisputed that the defendant and Holly were looking for another female to participate in a sexual "threesome." The Commonwealth presented evidence that, if believed, warranted a finding that the defendant lured the alleged victim into his vehicle by falsely telling her that her father had sent him to give her a ride.[4] Further, there was evidence presented by the Commonwealth indicating that the defendant made sexual advances toward the

---

[1] The Commonwealth also argued that the defendant acted with the intent to violate a third statute, G. L. c. 265, § 22A (rape of a child with force). The jury did not convict the defendant on that basis.

[2] The defendant also makes an argument that the child enticement statute is overbroad in a constitutional sense. That argument is raised in *Commonwealth* v. *Disler, ante* 216 (2008), as well and is addressed there.

[3] We deferred a decision in this case until *Commonwealth* v. *Disler, supra,* was heard and decided.

[4] Coincidentally, the alleged victim had telephoned her father a few minutes earlier to ask for a ride home. Her father told her there was no one to pick her up and to walk home.

alleged victim while she was in the vehicle by asking for her shirt and pants. The alleged victim did not comply with that request. There was no evidence that any physical contact in fact occurred between the defendant and the alleged victim at any point. The alleged victim testified that she got out of the vehicle when the defendant was stopped in traffic a short distance away from the street where she lived. According to the alleged victim, the defendant at no time requested or demanded that she leave the vehicle. After the alleged victim left the defendant's vehicle, the defendant and Holly went to a motel in Malden and engaged in sexual relations.[5]

The defendant did not testify at trial. However, as part of its case-in-chief, the Commonwealth read into evidence a transcript of testimony that the defendant had voluntarily given to the grand jury. Statements he voluntarily made to the police also were admitted in evidence through the testimony of the officers who questioned him. It suffices to say that there was adequate indication in the defendant's statements and grand jury testimony that, if believed, would have justified the jury in finding that he had no intention of having a "threesome" with an underage individual. To be sure, he acknowledged that he and Holly were looking for a "threesome," as they had done on prior occasions. The defendant's version of the relevant events, in short, was that Holly was the one who invited the alleged victim into the vehicle; that he was distracted talking on his cellular telephone at that point and did not observe the alleged victim as she entered the car; and that when he completed his call and turned to look at the alleged victim, he quickly realized that she was a child, immediately rejected the idea of pursuing a "threesome" with her, and pulled his vehicle over to let her out when she said that he had just passed her street. The jury could have believed, as the defendant stated to the grand jury, that it had been his intention only to find "an adult third person" to join him and Holly.

The defendant moved for a required finding of not guilty at the close of the Commonwealth's evidence. He renewed his motion at the close of all the evidence. Both motions were denied. On their verdict slip the jury were asked to indicate, first, whether

---

[5]The Commonwealth represents that Holly pleaded guilty to child enticement.

the defendant was guilty or not guilty of the charge of child enticement. If they found the defendant guilty, they were further instructed to "check the crime or crimes [they] found that the defendant . . . intended to commit."[6] The foreperson checked rape and abuse of a child (G. L. c. 265, § 23) and indecent assault and battery on a child under fourteen years (G. L. c. 265, § 13B) as the crimes the defendant intended to commit.[7]

*Discussion.*[8] The child enticement statute, G. L. c. 265, § 26C, states:

> "(*a*) As used in this section, the term 'entice' shall mean to lure, induce, persuade, tempt, incite, solicit, coax or invite.

> "(*b*) Any one who entices a child under the age of 16, or someone he believes to be a child under the age of 16, to enter, exit or remain within any vehicle, dwelling, building, or other outdoor space with the intent that he or another person will violate section 13B . . . [or] 23 . . . of chapter 265 . . . shall be punished . . . ."[9]

To satisfy the first part of § 26C (*b*), the Commonwealth must prove either that the actual age of the enticed person was under sixteen, or, in the alternative, that the defendant believed that the person was under sixteen. The defendant in this case does not challenge the sufficiency of that aspect of the Commonwealth's proof, i.e., that the alleged victim was in fact under sixteen. He argues, however, that the judge erred in instructing the jury on another element of the statute — telling them that, for purposes of establishing that he acted with the intent to violate one or both of the other statutes, G. L. c. 265, §§ 13B

---

[6]As explained below, the child enticement statute requires proof that a defendant enticed a child, or someone he believed to be a child, with the intent to violate one or more other criminal statutes. See G. L. c. 265, § 26C.

[7]See note 1, *supra.* The foreperson did not check rape of a child with force (G. L. c. 265, § 22A).

[8]We acknowledge the amicus brief of the Committee for Public Counsel Services.

[9]We limit our discussion in this case to the two particular offenses that the jury found the defendant intended to commit: violations of G. L. c. 265, §§ 13B and 23. We express no view on the intent requirement of the child enticement statute as it relates to other possible intended offenses enumerated in the statute.

and 23, it was not necessary for the Commonwealth to prove that the defendant actually knew that the child he enticed was underage.

The defendant contends that, for purposes of the child enticement statute, the Commonwealth cannot prove that he intended to violate one or both of the other statutes unless it establishes that the defendant knew that the alleged victim was underage (i.e., sixteen years old for purposes of G. L. c. 265, § 23, and fourteen years old for purposes of G. L. c. 265, § 13B). He claims that his position is supported by the words of the statute, "with the intent that he . . . will violate." Those words, so the argument goes, mean that a person can be found guilty of violating the child enticement statute in circumstances such as this only if he or she acts with the intent to have sexual relations *with a person under the age of sixteen* (for purposes of G. L. c. 265, § 23) or to commit an indecent touching *on a person under the age of fourteen* (for purposes of G. L. c. 265, § 13B). Therefore, the defendant asserts, the judge's instructions about the insignificance of the defendant's lack of knowledge of the victim's age was crucial in this case, where there was a live dispute whether he intended that his sexual advances be directed to an underage person. In other words, according to the defendant's position, but for the judge's erroneous instructions the jury would have acquitted on the sole charge of child enticement if they believed that he had no intent that the object of his advances be an underage person.

As discussed in *Commonwealth* v. *Disler, supra* at 222, where a defendant is charged with child enticement, the Commonwealth must prove not only that the defendant enticed a person under the age of sixteen, or someone he believed to be under the age of sixteen, but also that the defendant so acted with the intent to violate one or more of the enumerated criminal statutes. When the statute the defendant is alleged to have intended to violate is a strict liability statute, such as we have here (G. L. c. 265, § 13B or § 23), the Commonwealth is required to prove beyond a reasonable doubt, as an element of the crime of child enticement, that the defendant *intended that his advances be directed to an underage person* (i.e., under the age of fourteen for purposes of § 13B or under the age of sixteen

for purposes of § 23). A defendant may introduce his own evidence — or, as the defendant did in this case, rely on evidence presented by the Commonwealth in its case-in-chief — that tends to negate proof of the requisite criminal intent, that is, evidence tending to show that he did not intend that the object of his advances be underage. *Commonwealth* v. *Disler, supra* at 229. The burden, of course, always remains with the Commonwealth to prove the requisite intent. In this case, as indicated above, there was evidence that, if believed, could have negated the Commonwealth's evidence of the requisite criminal intent.

We now turn to the judge's instructions to the jury in light of our holding that the Commonwealth had to prove this specific criminal intent. Before he gave his charge, the judge discussed at length with counsel numerous questions and concerns that he had about the child enticement statute, including the issue that is now before us: the meaning of the phrase "with the intent that he . . . will violate" as it applies to the two strict liability crimes the Commonwealth claimed the defendant intended to commit. The judge explained to counsel his view that, because proof of a defendant's knowledge of a victim's age is not required for a conviction of the underlying offenses of rape and abuse of a child (G. L. c. 265, § 23) or indecent assault and battery on a person under the age of fourteen (G. L. c. 265, § 13B), it was likewise not required for purposes of the child enticement statute. When charging the jury, he followed that interpretation.

The judge first instructed the jury in general terms that, in order to convict the defendant of the single charge of enticement of a child, the Commonwealth had the burden of proving four elements: (1) the defendant enticed a child, (2) who was under the age of sixteen, (3) to enter or remain in a vehicle, and (4) that the defendant did so with the intent to commit rape and abuse of a child in violation of G. L. c. 265, § 23, indecent assault and battery on a child under fourteen in violation of G. L. c. 265, § 13B, or both. He then elaborated briefly on each of the four elements. With respect to the fourth element, he told the jury that "the Commonwealth must prove . . . that at the time of the enticement the defendant had the intent to commit one or more of the following offenses: . . . rape and abuse of a child and or indecent assault and battery on a child under

fourteen." All of this was proper. The judge then proceeded to explain in greater detail what was required for the Commonwealth to demonstrate that the defendant acted with the intent to violate G. L. c. 265, §§ 13B and 23. It was here that the judge erred. He told the jury:

> "[I]f you find that the Commonwealth has proven beyond a reasonable doubt the elements of enticement of a child under sixteen to enter or remain in a vehicle, then you will address the issue of whether the Commonwealth has proven intent to violate one or more of the two other offenses I will now outline for you. Rape and abuse of a child under Chapter 265 Section 23. In this case one of the crimes the Commonwealth seeks to prove that the defendant has the intent to commit at the time of the alleged enticement is rape and abuse of a child.

> "In order for you to decide whether or not the Commonwealth has proven beyond a reasonable doubt that at the time of the alleged enticement the defendant intended to rape and abuse a child, I must instruct you on the law of rape and abuse of a child. In order to prove a defendant guilty of rape and abuse of a child, the Commonwealth would have to prove the following two elements beyond a reasonable doubt. The first element that the defendant engaged in sexual intercourse either natural or unnatural with the alleged victim and two that the alleged victim was a child under sixteen years of age at the time of the alleged offense. So [those are] the elements of rape and abuse of a child. . . . In this case for the Commonwealth to prove beyond a reasonable doubt that the defendant . . . intended to commit the offense of rape of a child the Commonwealth would have to prove that the defendant intended to engage in either natural or unnatural sexual intercourse, as I have previously defined that term, with [the alleged victim] at the time of the alleged enticement. And two that [the alleged victim] was a child under the age of sixteen at the time of the alleged offense. *Note that as to the crime of rape of a child, the Commonwealth need not prove that at the time of the alleged enticement the defendant knew that [the alleged victim] was under the age of sixteen. If the Commonwealth proves to you beyond*

*a reasonable doubt that at the time of the alleged entice-*
*ment [of] a child under sixteen to enter or remain in his*
*vehicle that he intended to engage in sexual intercourse*
*with her and that [the alleged victim] was under the age*
*of sixteen at the time the Commonwealth will have proven*
*the charge of child enticement. . . .*

"[I]f you find the Commonwealth has proven beyond a reasonable doubt the elements of enticement of a child under sixteen to enter and remain in a vehicle then you will address the issue of whether the Commonwealth has proven an intent to commit an indecent assault and battery of a child under fourteen; therefore, I will instruct you as to Chapter 265, Section 13B, indecent assault and battery of a child under fourteen.

"In this case one of the crimes the Commonwealth seeks to prove that the defendant had the intent to commit at the time of the alleged enticement is indecent assault and battery on a child under fourteen years of age. In order for you to decide whether or not the Commonwealth has proven beyond a reasonable doubt that at the time of the alleged enticement the defendant intended to commit an indecent assault and battery on a child under fourteen I must instruct you as to the elements of indecent assault and battery on a child under fourteen. First element, that the alleged victim was under fourteen years of age. Second element, that the defendant committed an assault and battery on that alleged victim. . . . The third element is that the touching was indecent. . . . *So in this case for the Commonwealth to prove at the time of the alleged entice-ment the defendant intended to commit an indecent assault and battery on a child under fourteen, the Commonwealth would need to prove beyond a reasonable doubt that [the alleged victim] was under fourteen years of age at the time of the alleged offense and that the defendant intended to commit an indecent touching upon [the alleged victim].*

"You, the jury, may or may not infer the defendant's intent to do the act by considering all the facts and circumstances as well as the defendant's conduct offered during the trial. If the Commonwealth proves beyond a reasonable doubt that [the alleged victim] was under the age of

fourteen at the time of the alleged incident then you may not consider the question of her consent, as the law states that such a person is incapable of consent. *Note, as to the crime of indecent assault and battery on a child under fourteen the Commonwealth need not prove that at the time of the alleged enticement the defendant knew [the alleged victim] was under the age of fourteen*; therefore, if after considering all of the evidence you find that the Commonwealth has proven beyond a reasonable doubt every one of the elements I have just defined, that is at the time the defendant allegedly enticed a child under the age of sixteen to enter or remain in his vehicle, that the defendant intended an indecent touching however slight on a child under fourteen years of age, then you would find the defendant guilty of child enticement."[10]

"[W]e consider the jury charge as a whole, 'looking for the interpretation a reasonable juror would place on the judge's words.' " *Commonwealth* v. *Harbin*, 435 Mass. 654, 658 (2002), quoting *Commonwealth* v. *Trapp*, 423 Mass. 356, 361, cert. denied, 519 U.S. 1045 (1996). At no point in his charge did the judge expressly inform the jury that, to satisfy the intent element of the child enticement statute on the basis of an intent to violate G. L. c. 265, § 23 (rape and abuse of a child), the Commonwealth was required to prove that the defendant intended to have sexual relations with someone under the age of sixteen. Nor did he inform them at any point that, to satisfy the intent

---

[10]The defendant acknowledges that he did not object to the charge. He nevertheless argues on appeal that we should treat his claims as if they were preserved, because the judge acknowledged in the charge conference that the issue was an issue for the appellate courts, and because it was ineffective assistance of defense counsel not to object to the instructions. We conclude that the error in the instructions warrants a reversal regardless whether the issue was or was not properly preserved. The substantial risk of a miscarriage of justice standard applicable to unpreserved claims of error "is particularly well suited to a situation, such as here, where the elements of a crime are erroneously stated in the jury charge." *Commonwealth* v. *Azar*, 435 Mass. 675, 687 (2002), citing *Commonwealth* v. *Amirault*, 424 Mass. 618, 647 n.21 (1997) (noting that court's power to order new trial because of substantial risk of miscarriage of justice "is frequently used in respect to jury charges that include erroneous instructions as to the elements of a crime. . . . This standard is well suited to these cases because, when the elements of a crime are incorrectly stated, there is a substantial risk that a person has been convicted for a course of conduct that is not criminal at all" [citations omitted]).

element on the basis of an intent to violate G. L. c. 265, § 13B (indecent assault and battery on a child under the age of fourteen), the Commonwealth was required to demonstrate that the defendant intended the object of his advances to be a child under the age of fourteen. Indeed, when instructing the jury as to each of the underlying intended offenses, the judge specifically told them that the Commonwealth need *not* prove the defendant's knowledge as to the alleged victim's age, plainly suggesting to them that age also was *not* part of the calculus with respect to the defendant's intent.

The jury easily could have taken the judge's words to mean that the defendant violated the child enticement statute on mere proof that he was looking for someone to engage in a sexual "threesome" and, toward that end, invited the alleged victim, who was underage, to get into his vehicle, even if he never intended that his "threesome" be with an underage individual. It was possible, in other words, for the jury to have credited the defendant's account that he did not initially realize that the alleged victim was underage because he was distracted talking on his cellular telephone, and his claim that he never had any intent to enlist the participation of an underage individual, but nevertheless, on the instructions they were given, to have concluded that he was guilty because she was in fact underage and was, admittedly, enticed into the vehicle for sexual purposes. We are thus "left with uncertainty that the defendant's guilt has been fairly adjudicated." *Commonwealth* v. *Chase*, 433 Mass. 293, 299 (2001). See *Commonwealth* v. *Azar*, 435 Mass. 675, 687 (2002) (explaining considerations for substantial risk of miscarriage of justice analysis); *Commonwealth* v. *LeFave*, 430 Mass. 169, 174 (1999) (stating that substantial risk standard "calls for us to decide if we have a serious doubt whether the result of the trial might have been different had the error not been made").

*Conclusion.* For these reasons, we reverse the defendant's conviction and remand the case for further proceedings.

*So ordered.*