Commonwealth *vs.* Joseph LaPlante.

No. 07-P-1541.

Middlesex. September 15, 2008. - November 21, 2008.

Present: Lenk, Graham, & Grainger, JJ.

*Enticement of Minor. Practice, Criminal,* Directed verdict.

A District Court judge properly allowed the criminal defendant's motion to set aside the verdict of guilty of enticing a child with the intent to kidnap, where the evidence was insufficient to prove that the defendant, at the time of the enticement, intended forcibly to confine the victim. [201-204]

Complaint received and sworn to in the Framingham Division of the District Court Department on July 20, 2006.

The case was tried before *Robert V. Greco,* J.

*Jennifer Cummings Hillery,* Assistant District Attorney (*Deborah Bercovitch,* Assistant District Attorney, with her), for the Commonwealth.

*William S. Smith* for the defendant.

Graham, J. The defendant, Joseph LaPlante, was tried by a District Court jury on a charge of enticing a child into his truck with the specific intent to kidnap her. See G. L. c. 265, § 26C, the child enticement statute. At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty. The judge denied the motion, and at the conclusion of all of the evidence, the jury found the defendant guilty of the charge.

After the jury returned their verdict, the defendant moved for reconsideration of the denial of his motion for a directed verdict pursuant to Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979). The judge later issued a written decision in which he allowed the defendant's motion, concluding that the Commonwealth had failed to prove, beyond a reasonable doubt, that the defendant, at the time of the enticement, possessed the specific intent to com-

mit the crime of kidnapping. We now affirm the judge's decision to allow the motion for reconsideration and to set aside the verdict.

The jury could have found the following facts. On September 4, 2005, at approximately 4:00 P.M., Laura,[1] a fourteen year old girl, completed her shift as a cashier at a supermarket located in a strip mall on Route 126 in Ashland. She left the store and walked through the parking lot near a line of cars parked within a couple of feet of her right shoulder. As she approached the opposite end of the parking lot, near a restaurant, a stranger, later identified as the defendant, stopped his red pickup truck near Laura's left shoulder. Through the open passenger window, the defendant, the lone occupant of the truck, asked her in a "sort of loud" voice if she wanted a ride. She answered "no."

The defendant then said, in a "more demanding" and "sort of loud" voice, "Get in the truck." Laura became frightened and walked quickly to a man (Wayne Curvin) seated on a bench by the restaurant and asked for help. As the man approached the defendant's truck, the defendant sped toward the plaza exit and left the area. Laura, shaken and frightened by the incident, returned to the supermarket. Her supervisor called the police, who later broadcast a description of the vehicle via police radio.

Shortly after the broadcast, Ashland police Officer Vinciulla stopped the defendant at a gasoline station on Route 126 in Ashland. The defendant, who appeared anxious and was very talkative, claimed that he had driven by the supermarket but had not entered the plaza. Officer Vinciulla allowed him to leave and continued to look, unsuccessfully, for other vehicles matching that described in the broadcast.

The Ashland police continued their investigation into the matter and in February, 2006, picked up the defendant and interviewed him at the Ashland police department. During the interview the defendant admitted that he had seen Laura on September 4, 2005, as she was walking in the plaza parking lot, and waved her across the crosswalk, allowing her to pass in front of his truck. He denied that he had said anything to her. The defendant was again released.

In July, 2006, both Laura and Curvin identified the defendant

[1] A pseudonym.

from a photographic array. The defendant was interviewed a second time by an Ashland detective and, after the second interview, was arrested and charged with the crime of enticing a minor.[2]

*Discussion.* Upon review of a trial judge's allowance of a motion for directed verdict, we consider the evidence up to the time the Commonwealth rested its case and the defendant moved for required findings of not guilty. See *Commonwealth* v. *Cardenuto*, 406 Mass. 450, 454 (1990). Viewing the evidence in the light most favorable to the Commonwealth, considering all the circumstances and making appropriate inferences, we "determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Cordle*, 412 Mass. 172, 175 (1992). See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979); *Commonwealth* v. *Chhim*, 447 Mass. 370, 377 (2006) (all permissible inferences are drawn in favor of Commonwealth). See also *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989), quoting from *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977) (inferences "need only be reasonable and possible . . . not . . . necessary or inescapable"). "Circumstantial evidence is competent evidence to establish guilt." *Commonwealth* v. *Rojas*, 388 Mass. 626, 629 (1983). The child enticement law, G. L. c. 265, § 26C, inserted by St. 2002, c. 385, § 3, provides:

> "(*a*) As used in this section, the term 'entice' shall mean to lure, induce, persuade, tempt, incite, solicit, coax or invite.

> "(*b*) Any one who entices a child under the age of 16, or someone he believes to be a child under the age of 16, to enter, exit or remain within any vehicle, dwelling, building, or other outdoor space with the intent that he or another person will violate section 13B, 13F, 13H, 22, 22A, 23, 24 or 24B of chapter 265, section 4A, 16, 28, 29, 29A, 29B, 29C, 35A, 53 or 53A of chapter 272, or any offense that has as an element the use or attempted use of force, shall be punished by imprisonment in the state prison for not more than 5 years, or in the house of correction for not

---

[2]Other charges against the defendant were subsequently either nol prossed or dismissed at the request of the Commonwealth.

more than 2½ years, or by both imprisonment and a fine of not more than $5,000."

The crime of child enticement has four elements: (1) "Any one who entices," (2) "a child under the age of 16, or someone he believes to be a child under the age of 16," (3) "to enter, exit or remain within any vehicle, dwelling, building, or other outdoor space," (4) "with the intent that he or another person will violate [one of the statutes enumerated above] . . . or any offense that has as an element the use or attempted use of force." See *ibid.* The statute "defines 'entice' to mean lure, induce, persuade, tempt, incite, solicit, coax, or invite, each of which, according to the commonly accepted meaning of the term, can be accomplished by words (spoken or written) and nothing more." *Commonwealth v. Disler,* 451 Mass. 216, 222 (2008). There is nothing in the language of the statute that requires, in addition, an overt act in order for the crime of child enticement to occur. "However, while the statute does not require any further *action* by the person doing the enticing, or any type of agreement, reliance, or other *action* on the part of the person who receives the enticement, it does in fact require more" of the defendant than merely speaking words. *Ibid.* "[I]n addition to enticing words or gestures, . . . the person who entices [must also do] so *with the intent to violate one or more of the enumerated criminal statutes*; in other words, [the statute requires] that the person who entices does so with a criminal mens rea." *Ibid.*

The judge found, and the defendant acknowledges, there was sufficient evidence of the first and third elements of the crime. The defendant's words were designed to "lure," "persuade," and "incite" Laura to enter his truck. In addition, Laura's testimony at trial was sufficient to establish that she was fourteen years old at the time of the incident, and that the defendant enticed her "to enter . . . any vehicle." The issue, therefore, is whether the judge was correct in finding that the jury could not have reasonably concluded that the defendant enticed the victim with the specific intent to kidnap her.

The kidnapping statute, G. L. c. 265, § 26, provides that "[w]hoever, without lawful authority, forcibly or secretly confines . . . another person . . . against his will . . . shall be

punished . . . ." The statute is an offense that has an element which requires the use of force.[3] In the circumstances of this case, the Commonwealth was required to prove beyond a reasonable doubt that the defendant intended (1) without lawful authority, (2) forcibly to confine the victim, (3) against her will. See *Commonwealth* v. *Perry*, 432 Mass. 214, 231 (2000). Forcible conduct includes both "constructive force . . . by threatening words or gestures" and actual physical force. *Commonwealth* v. *Caracciola*, 409 Mass. 648, 652 (1991).

The Commonwealth contends that the jury were warranted in drawing the inference that the defendant was guilty of the charge. In particular, it contends that the defendant's words and tone, his attempt to wedge Laura between his truck and the parked vehicles, his status as a stranger, his flight from the scene, subsequent inconsistent statements the defendant made to the police, and the absence of evidence of other motive constituted sufficient evidence of his specific intent to confine Laura in the truck.

The trial judge found that the evidence of enticement was essentially the words used by the defendant in the circumstances of the incident. In finding that evidence insufficient to prove the required element that the defendant intended forcibly to confine the victim, the trial judge held that "something else" was required, citing *Commonwealth* v. *Banfill*, 413 Mass. 1002 (1992). In *Banfill*, the alleged victim testified that as she walked home at 5:30 P.M., a truck stopped three to five feet from her, and the driver asked her for directions. After the alleged victim answered that she was unable to give him directions, the driver ordered her to get in the truck. The alleged victim fled on foot and was able to escape. *Ibid.*

The defendant in *Banfill* was charged with attempt to kidnap. There, with respect to the element of intent, the Supreme Judicial Court determined that "[t]he evidence in this case does not warrant a finding that the defendant intended forcibly to confine the alleged victim." *Id.* at 1003. Here, as in *Banfill*, the evidence

---

[3]The prosecutor requested an instruction on the "forcibly" to confine prong of the statute, not the "secretly" to confine prong, and the judge so instructed the jury.

produced by the Commonwealth was insufficient to prove intent forcibly to confine the victim, an essential element of the crime charged; therefore, the defendant's conviction cannot stand.

The order allowing the motion to set aside the verdict is affirmed. Judgment is to enter for the defendant.

*So ordered.*