ABREU, COMMONWEALTH vs., 102 Mass. App. Ct. 51

 
 COMMONWEALTH vs. IRVIN ABREU.

102 Mass. App. Ct. 51
 September 6, 2022 - December 28, 2022

Court Below: Superior Court, Essex County
Present: Sullivan, Blake, & Grant, JJ.

 

No. 21-P-888.

Obscenity, Dissemination of matter harmful to minor. Enticement of Minor. Practice, Criminal, Plea, Presence of defendant. Constitutional Law, Plea.

A plea judge, in determining whether there was an adequate factual basis for criminal charges, could consider facts adduced during plea discussions at a "first call" hearing, which was held on the same day as the plea hearing and recorded and made part of the record; further, those facts, as well as the ones presented at the subsequent plea hearing, established an adequate factual basis for the charges of dissemination of matter harmful to a minor and enticement of a minor. [54-56]

Indictments found and returned in the Superior Court Department on July 30, 2018. 

 A motion to withdraw pleas of guilty and for a new trial, filed on July 14, 2021, was considered by Thomas Drechsler, J. 

 Jessica P. Thrall, Assistant Federal Public Defender, for the defendant.

 Kenneth E. Steinfield, Assistant District Attorney, for the Commonwealth.

 GRANT, J. This case presents the question whether a plea judge's determination that there was an adequate factual basis for the charge may be based in part on facts adduced during plea discussions at a "first call" hearing on the same day as the plea hearing. In the circumstances of this case, we hold that it may be. 

 Background. The defendant was indicted for dissemination of harmful matter to a minor, G. L. c. 272, § 28, and enticement of a child under the age of sixteen, G. L. c. 265, § 26C. At the request of the defendant, a November 16, 2018 hearing that had been scheduled as a pretrial conference was instead designated as a dispositional conference, referred to on the docket and by the 

 Page 52 

judge as a "[l]obby" conference. [Note 1] On that date, at a hearing beginning at 12:16 P.M. (first call hearing), the prosecutor and defense counsel participated in plea discussions with a Superior Court judge, which were recorded and made part of the record. The transcript does not specify whether the defendant was present, but from the record before us, we understand that he was. [Note 2] 

 At that first call hearing, the prosecutor described the facts on which the charges were based, as follows. After meeting at a party, the thirty-two year old defendant became "friends" with the fifteen year old victim on social media platforms, and her age was made known to him. From information on one of the social media platforms, the defendant learned the victim's address; he went to her home and threatened her that if she did not go out with him, he would tell her father that she was out with other people and breaking the rules. In electronic messages, the defendant asked the victim, "How's school," when her lunch break was, and if he could "pick her up, buy her some food, take her out on a date." The defendant sent electronic messages to the victim attaching photographic images of an erect penis and stating in crude language that he wanted to penetrate her mouth with his penis. [Note 3] After the victim reported those communications to school officials, police instructed her to tell the defendant to pick her up at school. When the defendant arrived there, police arrested him and he 

 Page 53 

admitted that he had sent the photographs to the victim. After hearing that recitation, the judge commented, "[T]here's nothing meritorious or appropriate about those messages, [defense counsel], as you know; they're graphic and make it very clear what his intentions and . . . [t]hat he was attempting to entice; this is clearly an enticement case, i[t] fits the definition." 

 At 3:10 P.M. on the same day, the case was called again, and defense counsel informed the judge that the defendant was prepared to offer a change of plea. After reading each indictment, the clerk asked how the defendant pleaded, and as to each the defendant replied, "Guilty." The judge then asked the defendant if his lawyer had explained the elements of each offense, and the defendant replied, "Yes, Your Honor." Asked to provide a brief summary of the evidence, the prosecutor said:

The prosecutor: "The defendant . . . met the named victim, who was a juvenile female under the age of [sixteen], at a party at some point; they became friendly, they began communicating on social media --"

 The judge: "And how old was she?"

The prosecutor: "[Fifteen]. . . . During the course of that communication, [the defendant] sent her photos of an erect penis, made comments to her about what he would like them to do together, and at some point went to her school to pick her up.

"Those are the essential facts."

The judge: "And what about the dissemination he sent her?"

The prosecutor: "He sent her those photos . . . on the phone."

The judge: "Did you hear what the prosecutor just said?"

The defendant: "Yes, Your Honor."

The judge: "Are those facts substantially true and correct?"

The defendant: "Yes, Your Honor."

The judge: "Did you commit those acts?"

The defendant: "Yes, Your Honor."

In accepting the pleas, the judge found, "[T]here certainly is [a] sufficient factual basis for the pleas of guilty to the offenses on 

 Page 54 

which the defendant now stands convicted." The defendant was sentenced to a committed term followed by three years' probation. 

 In January 2021, the defendant was found in violation of his probation conditions, and his probation was revoked. Shortly thereafter, he moved to withdraw his guilty pleas and for a new trial, arguing that at the plea hearing the Commonwealth did not present an adequate factual basis as to each element of the charges, contrary to the requirements of Commonwealth v. Hart, 467 Mass. 322, 325-326 (2014), and Mass. R. Crim. P. 12 (c) (5), as appearing in 470 Mass. 1505 (2015). In denying the motion, the judge ruled, "The defendant was well aware of, and acknow[le]dged, the elements of each offense and the factual basis for the offenses from the prosecution's recitations at the dispositional on the record ('lobby') conference on the same day of the plea hearing and during the plea hearing itself." 

 Discussion. The defendant argues that in determining whether there was an adequate factual basis for the charges, the judge was confined to considering only the facts adduced at the plea hearing on "second call," and during that hearing the prosecutor did not allege that the defendant knew that the victim was a minor, as required to prove the dissemination charge, or that he committed each element of the child enticement charge. He then argues that, even if the judge was permitted to consider the facts adduced at the first call hearing, those facts were an insufficient basis to show that the defendant intended to sexually assault the victim on the occasions when he showed up at her house and sent her messages stating that he wanted to "pick her up" from school and "take her out on a date." We conclude that the judge could consider the facts adduced at the first call hearing, and that those facts as well as the ones presented at the subsequent plea hearing established an adequate factual basis for the charges. Cf. Commonwealth v. Jenner, 24 Mass. App. Ct. 763, 773 (1987) (where defendant pleaded guilty during trial, judge could consider evidence adduced during trial, in addition to defendant's admissions during plea hearing).

 At the time of these pleas in November 2018, the judge was required before accepting a guilty plea to "make findings as to . . . whether there is an adequate factual basis for the charge." [Note 4] Mass. R. Crim. P. 12 (c) (5). See Hart, $no$467 Mass. at 325. Before the 

 Page 55 

judge accepts the plea, there must be "sufficient facts on the record to establish each element of the offense." Id., quoting Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). Whether the record establishes that the judge had a factual basis for each crime charged is a different question from whether the defendant's plea was voluntary and intelligent. [Note 5] See Hart, supra. Because by pleading guilty a defendant waives the right to be convicted on proof beyond a reasonable doubt, the factual basis for a guilty plea need not satisfy the standard of review for the denial of a motion for a required finding at trial. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Rather, in determining whether there is a sufficient factual basis for the charge, the judge need determine "only whether the evidence which [the judge] had heard, plus any information [the judge] has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty." Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015), quoting Jenner, 24 Mass. App. Ct. at 773. In doing so, the judge may consider the information presented at the plea hearing, including "the defendant's admission, or his admission supplemented by the State's offer of proof." Hart, supra at 326, quoting DelVerde, supra at 300. 

 a. Whether judge could consider facts recited at first call hearing. We conclude that the prosecutor's recitation of the facts of the crimes during the plea discussion at the first call hearing was part of the record of the plea hearing on which the judge could determine the adequacy of the factual basis of the plea. That plea discussion was "recorded and made part of the record," as required by Mass. R. Crim. P. 12 (b) (2), as appearing in 

 Page 56 

 470 Mass. 1502 (2015). Indeed, the reason to require recording of the plea discussion is "so that the defendant may know what was said," Commonwealth v. Fanelli, 412 Mass. 497, 501 (1992), lest there is later an allegation that the judge considered improper information during the discussion, see, e.g., Murphy v. Boston Herald, Inc., 449 Mass. 42, 57 n.15 (2007). There was no such allegation here. 

 b. Sufficiency of factual basis for victim's age and defendant's intent. The facts that the prosecutor recited at the first call hearing, combined with those adduced at the subsequent plea hearing later that afternoon, provided the judge with an adequate factual basis for the charges. That factual basis included that the defendant knew that the victim was a minor within the meaning of the dissemination statute, and that the defendant intended to sexually assault, within the meaning of the child enticement statute, a person he knew to be a minor. 

 To the extent that the language of the indictments could be "commonly understood," the judge could also consider the language of the indictments as read by the clerk, and the defendant's corresponding admissions of guilt. Hart, 467 Mass. at 328. See Commonwealth v. Donald, 101 Mass. App. Ct. 383, 388-389 (2022). As to the victim's age, the indictments read aloud by the clerk included language that the person to whom the defendant had disseminated harmful matter was "a person he kn[e]w[] or believe[d] to be a minor," and that the person whom the defendant had enticed was "a child under the age of [sixteen], or someone he believe[d] to be a child under the age of [sixteen]." In response to the reading of each indictment, the defendant stated that he was "[g]uilty" of that offense. [Note 6] 

 Accordingly, the order denying the motion to withdraw the guilty pleas and for a new trial is affirmed.

 So ordered.

FOOTNOTES
[Note 1] We do not interpret the references to a "lobby" conference as meaning that the hearing took place in the judge's lobby; the transcript states that it occurred in a court room. 

[Note 2] The defendant has not asserted, in the Superior Court or on appeal, that he was not present at the first call hearing. The writ of habeas corpus for the defendant ordered that he be present at the court house at 9:30 A.M. on that date. At the first call hearing, after the judge stated the sentence he would likely impose, defense counsel said that he wanted "to have a conversation with [the defendant] because his mother is here." At the plea hearing later that afternoon, the judge made comments to the effect that the defendant had been present at the first call hearing. In ruling on the motion to withdraw the guilty pleas and for a new trial, the judge noted that the defendant was aware of the factual basis for the offenses from the first call hearing. In those circumstances, we need not reach the question whether, if the defendant had been absent from the first call hearing, that would have precluded the judge from considering facts adduced at it in determining whether there was an adequate factual basis for the charges. See Commonwealth v. Fanelli, 412 Mass. 497, 501 (1992) (even if defendant absent from lobby conference before plea hearing, that was "not logically inconsistent with the establishment of the defendant's guilt"). See also E.B. Cypher, Criminal Practice and Procedure § 24:35 (4th ed. 2014). 

[Note 3] During the first call hearing, the prosecutor displayed those messages and the images to the judge. 

[Note 4] The Commonwealth points out that Massachusetts appellate courts have occasionally recited the standard as requiring a "strong" factual basis, see, e.g., Commonwealth v. Donald, 101 Mass. App. Ct. 383, 384-385 (2022), and argues that that standard applies only when a defendant enters a plea to sufficient facts without admitting guilt pursuant to North Carolina v. Alford, 400 U.S. 25, 37-38 (1970). See Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). We note that prior to 2015, the rule required that the judge be satisfied of a "factual basis" for the charge, Mass. R. Crim. P. 12 (c) (5) (A), 442 Mass. 1514 (2004); the adjective "adequate" was added in the 2015 amendment, applicable here. We need not reach the question whether a "strong" factual basis is required when a defendant pleads guilty and admits guilt, because here the judge heard sufficient facts to satisfy that standard. 

[Note 5] The defendant has not argued, here or in the trial court, that he did not understand the charges to which he pleaded guilty, or that his plea was not voluntary or intelligent. See generally E.B. Cypher, Criminal Practice and Procedure §§ 24:76-77. 

[Note 6] Because this case involved a plea, which does not require proof beyond a reasonable doubt, it is distinguishable from cases in which the evidence at trial was insufficient to prove an element of child enticement. See, e.g., Commonwealth v. Hall, 80 Mass. App. Ct. 317, 324-325 (2011) (trial evidence did not establish that defendant lured victim to specific location); Commonwealth v. LaPlante, 73 Mass. App. Ct. 199, 201-203 (2008) (trial evidence that defendant approached fourteen year old girl he did not know and demanded that she get into his truck did not prove intent to kidnap). See also Commonwealth v. Filopoulos, 451 Mass. 234, 238-239 (2008) (jury instructions did not specify requirement of proof that defendant intended to entice underage individual). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.