NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1054

COMMONWEALTH

vs.

JONALSON N. DOR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jonalson N. Dor, appeals from the denial of his motion to withdraw his guilty plea to possession of marijuana with intent to distribute, G. L. c. 94C, § 32C (a). He contends that the judge at the plea hearing (plea judge) did not have a sufficient factual basis to establish the defendant's intent to distribute. We affirm.

Background. In 2017, a three-count complaint issued against the defendant in the Boston Municipal Court.[1] The count

---

[1] The two counts not before us alleged that the defendant violated the drug laws in or near a park, G. L. c. 94C, § 32J, and had previously been convicted of a similar offense, G. L. c. 94C, § 32C (b). Those two counts were dismissed at the request of the Commonwealth. Had the defendant been convicted of those counts, he would have been subject to mandatory

at issue here alleged that on July 4, 2017, the defendant knowingly possessed marijuana, a class D substance, "with intent to manufacture, distribute, dispense or cultivate" it.  On August 6, 2018, the defendant pleaded guilty to that offense. At the plea hearing, the prosecutor recited the facts of the crime as follows:

> "On July 4th, 2017, officers from that A1 drug control unit under the direction of Sergeant Dwan, were conducting a drug investigation on Boston Common.
>
> "At about 7:10 P.M., officers observed the Defendant . . . in the area approaching two males, later identified as Matthew Corbett and Reid Westhaver.  [The defendant] spoke to the pair briefly before all three began walking further up the path towards Beacon Street.  [The defendant] then approached a [B]lack male, later identified as Carl Cody, . . . and sat on the bench next to him.
>
> "Officers observed what appeared to be a drug transaction at that point.  After the transaction was done, the Defendant was sitting on the bench, holding a cup in his hand, and then began walking down the path towards Tremont Street and Park Street.
>
> "At this point, officers believe they just witnessed a street-level drug transaction, relayed their observations and the parties' direction of travel to other surveillance officers.  Officer B[yrne] believed that [the defendant] was acting as a middleman between Cody, and Westhaver, and Corbett.
>
> "Officers maintained surveillance as the group walked near the Brewer water fountain and joined a larger group.  At this point, Sergeant Dwan approached.  The Defendant identified himself, and the [sergeant] observed the blue cup to be filled with loose vegetable matter, believed to be marijuana buds. . . .  The drugs in this case were tested and determined to be marijuana."

---

sentences of two and one-half years for the park zone offense and one year for the subsequent offense.

2

During a sworn colloquy, the plea judge asked, "And you admit those facts are true as far as your involvement in the matter?" and the defendant replied, "Yes." The plea judge then asked if the defendant's counsel had the opportunity to discuss "the elements" of the offense, and counsel agreed. The plea judge found that there was "a factual basis" for the plea. In accordance with the parties' agreement, the plea judge sentenced the defendant to one year of probation.

On May 10, 2023, the defendant moved to withdraw his plea, arguing that the plea judge did not have a sufficient factual basis for the offense. Because the plea judge had retired, another judge (motion judge) considered the motion. The defendant contended that the prosecutor's narrative at the plea hearing did not establish that he intended to distribute the marijuana. The motion judge denied the motion.

Discussion. We treat a motion to withdraw a guilty plea as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See Commonwealth v. Henry, 488 Mass. 484, 490 (2021). Where, as here, the motion judge did not preside over the plea hearing and did not conduct an evidentiary hearing, "we are in as good a position as the motion judge to assess the [plea] record and therefore review the motion judge's decision de novo." Commonwealth v. Watkins (No. 1), 486 Mass. 801, 804 (2021). See Commonwealth v.

3

Rodriguez, 101 Mass. App. Ct. 54, 56 (2022).  We may grant withdrawal of the plea "if it appears that justice may not have been done."  Mass. R. Crim. P. 30 (b).

The plea judge accepted the defendant's guilty plea to count one of the complaint, which alleged that the defendant knowingly possessed the marijuana "with intent to . . . distribute" it.[2]  The plea agreement included the parties' agreed-on sentencing recommendation and the Commonwealth's concession to dismissing counts two and three, the park zone and subsequent offense charges that carried mandatory minimum sentences of incarceration.  See note 1, supra.  In these circumstances, Mass. R. Crim. P. 12 (d) (5), as appearing in 470 Mass. 1501, 1508-1509 (2015), required that the plea judge determine that the plea was supported by "an adequate factual basis."[3]  See Commonwealth v. Ramos-Cabrera, 486 Mass. 364, 366 (2020).  See also Commonwealth v. Abreu, 102 Mass. App. Ct. 51, 54 n.4 (2022) (Mass. R. Crim. P. 12 [c] [5] [A], 442 Mass. 1514 [2004], required "adequate factual basis" when judge accepted

---

[2] We do not reach the question whether the facts recited by the prosecutor would have provided an adequate factual basis for alternative theories alleged in the complaint:  that the defendant intended to "manufacture, . . . dispense or cultivate" the marijuana, G. L. c. 94C, § 32C (a), which was in the form of loose buds.

[3] The plea judge found that there was "a factual basis" for the plea.  In context, we read that finding to mean that there was an adequate factual basis.

4

plea with unagreed sentencing recommendation).  Before accepting the defendant's guilty plea to possession of marijuana with intent to distribute, the plea judge was required to determine if there was an adequate factual basis to establish that the defendant knowingly possessed marijuana with the intent to distribute it.  G. L. c. 94C, § 32C (a).  See Commonwealth v. Richardson, 479 Mass. 344, 353 (2018).

Here, the recitation of facts by the prosecutor established that the defendant spoke with two men on Boston Common and then left them and met a third man, at which point police officers saw the defendant engage in "what appeared to be a drug transaction."  After the transaction, the defendant, holding a cup "filled" with loose marijuana buds, rejoined the first two men and all three walked toward a larger group.  An experienced drug control officer "believed that [the defendant] was acting as a middleman."  The defendant admitted to those facts, which provided an adequate basis for the plea judge to accept the defendant's plea to the charge of possession of marijuana with intent to distribute.

The transcript of the plea hearing did not explicitly set forth that the crime to which the defendant was pleading guilty included the element that he intended to distribute the marijuana.  However, count one of the complaint alleged that the defendant had the "intent to . . . distribute" the marijuana,

5

and the tender of plea form signed by the defendant stated that his recommendation on that count was "Agreed."  In addition, defense counsel told the plea judge that he had had the opportunity to discuss "the elements" of the offense with the defendant.  The defendant does not argue that his guilty plea was not made voluntarily or intelligently.  See Commonwealth v. Scott, 467 Mass. 336, 345 (2014).  While it would have been preferable if at the plea hearing the defendant's admission to intent to distribute had been made more explicit, we conclude that the factual basis on that element was adequate.

Citing Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015), the defendant contends that the Commonwealth was required to establish a "strong factual basis" for each element of the offense.  As explained in Abreu, 102 Mass. App. Ct. at 54 n.4, the requirement of establishing a "strong" factual basis applies when a defendant enters a plea without admitting guilt pursuant to North Carolina v. Alford, 400 U.S. 25, 37-38 (1970). The defendant in this case did not enter an Alford plea. Rather, he admitted to the facts recited by the prosecutor, and that admission was itself strong proof of his guilt.

Alternatively, the defendant argues that the facts recited by the prosecutor did not establish even an adequate factual basis for the plea.  During the plea colloquy, the defendant admitted to the facts recited by the prosecutor, including that

6

an experienced drug control officer believed that the defendant "was acting as a middleman." We are not persuaded by the defendant's claim that that was an admission only to the officer's belief, and not to the fact that the defendant was acting as a middleman. In the context of the other facts adduced at the plea hearing about the defendant's conduct, the plea judge had an adequate factual basis for the intent to distribute element of the crime.

The defendant misplaces his reliance on Commonwealth v. Ilya I., 470 Mass. 625, 633 (2015), in which the Supreme Judicial Court held that an application for a complaint did not establish probable cause that a juvenile intended to distribute marijuana. In contrast, this defendant did not move to dismiss the complaint for lack of probable cause, see Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982), and does not argue on appeal that it should not have issued. Thus Ilya I. is inapposite to the question of the adequacy of the factual basis for the plea based on information that included the defendant's own admission of guilt.

The defendant posits that he may have had a "social sharing" defense to possession with intent to distribute. See G. L. c. 94G, § 7 (a) (4); Commonwealth v. Jackson, 464 Mass. 758, 764 (2013); Commonwealth v. Keefner, 461 Mass. 507, 514-515 (2012). The defendant waived his right to mount that defense

when he told the plea judge that he understood that he was giving up the right to present evidence on his own behalf.  Even if the defendant might have argued at a trial that his conduct was consistent with social sharing, "[w]hen a criminal defendant pleads guilty, [the defendant] waives [the] right to be convicted by proof beyond a reasonable doubt" (citation omitted).  Commonwealth v. Robbins, 431 Mass. 442, 444 (2000).

The prosecutor's recitation of facts, coupled with the defendant's admission to those facts, provided an adequate factual basis for the plea judge to conclude that the defendant had the intent to distribute the loose marijuana buds in the

cup.  Accordingly, the order denying the motion to withdraw the guilty plea is affirmed.

<u>So ordered</u>.

By the Court (Desmond, Hand & Grant, JJ.[4]),

Assistant Clerk

Entered:  May 23, 2024.

---

[4] The panelists are listed in order of seniority.