NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1538                                          Appeals Court

COMMONWEALTH  vs.  EDWARD ARMSTRONG.


No. 14-P-1538.

Middlesex.     November 6, 2015. - December 18, 2015.

Present:  Milkey, Carhart, & Massing, JJ.

Armed Home Invasion.  Practice, Criminal, Plea, New trial.
    Statute, Construction.  Words, "Remains."


    Indictment found and returned in the Superior Court
Department on May 16, 2006.

    A motion for a new trial, filed on June 5, 2014, was
considered by Kathe M. Tuttman, J.


    Judith Ellen Pietras for the defendant.
    Erin J. Anderson, Assistant District Attorney, for the
Commonwealth.


    MASSING, J.  The defendant, Edward Armstrong, appeals from

the order denying his motion for new trial under Mass.R.Crim.P.

30(b), as appearing in 435 Mass. 1501 (2001).  The defendant

alleged in his motion that his guilty plea eight years earlier

to a charge of armed home invasion was invalid for lack of a

factual basis, contrary to the requirements of Commonwealth v.

Hart, 467 Mass. 322, 325-326 (2014), and Mass.R.Crim.P. 12(c)(5)(A), as appearing in 442 Mass. 1511 (2004). Specifically, he claimed that the plea colloquy failed to establish a factual basis for one of the elements of the crime of armed home invasion:  that having entered an empty dwelling, he "remain[ed] in such dwelling place knowing or having reason to know that one or more persons are present."  G. L. c. 265, § 18C, inserted by St. 1993, c. 333.  A Superior Court judge (motion judge) denied the motion without a hearing.  Discerning no abuse of discretion or other error of law, see Commonwealth v. Kirwan, 448 Mass. 304, 314 (2007), we affirm.

Background.  On September 27, 2006, the defendant pleaded guilty to a five-count indictment charging him with, among other things, armed home invasion.  At the same time, he pleaded guilty to three counts in two 2005 indictments arising out of two prior incidents.  With respect to one of the prior incidents, the plea judge sentenced the defendant to a State prison term of five to six years on a conviction of assault and battery by means of a dangerous weapon (ABDW), imposed on a "forthwith" basis.  G. L. c. 279, § 27.  The judge imposed State prison sentences of four to five years with respect to two of the convictions associated with the 2006 armed home invasion (assault by means of a dangerous weapon and possession of a

firearm without a license), these sentences to run concurrently with each other and with the forthwith sentence for ABDW.

With respect to the armed home invasion guilty plea, although the statutory sentencing range is "imprisonment in the state prison for life or for any term of not less than twenty years," G. L. c. 265, § 18C, the judge sentenced the defendant to a term of probation,[1] to commence after completion of the three concurrent State prison sentences. The remaining charges, including a charge of receiving a stolen motor vehicle associated with the home invasion incident, were placed on file with the defendant's consent.

In July, 2012, while serving his probationary term for the 2006 armed home invasion conviction, the defendant was indicted on a new charge of home invasion as well as armed robbery and other crimes. The plea judge having retired, on April 26, 2013, a second Superior Court judge found the defendant in violation of the terms of his probation based on the new charges. The judge removed from the file the 2006 associated conviction of receiving a stolen motor vehicle and sentenced the defendant to a State prison term of seven to nine years on that charge. The judge continued the defendant's probation on the 2006 home

---

[1] Although the minimum State prison term that may be imposed on a conviction of armed home invasion is twenty years, a term of probation is a legal disposition. Commonwealth v. Zapata, 455 Mass. 530, 534-536 (2009).

invasion conviction for another five years, to commence after completion of the sentence for receiving a stolen motor vehicle. On May 22, 2013, after a jury trial, the defendant was acquitted on the 2012 indictments.

On June 5, 2014, the defendant filed his motion for a new trial under rule 30(b), alleging for the first time that his 2006 guilty plea to the charge of armed home invasion was invalid because the Commonwealth failed to lay a factual basis for the charge during the colloquy. The motion judge denied the motion on September 22, 2014.

Discussion. Rule 12(c)(5)(A) of the Massachusetts Rules of Criminal Procedure provides, "A judge shall not accept a plea of guilty unless the judge is satisfied that there is a factual basis for the charge." The factual basis requirement is distinct from the requirement that a defendant's plea be made voluntarily and intelligently. See Commonwealth v. Hart, 467 Mass. at 325-326. The intelligence requirement focuses on the defendant's understanding of the charges to which he is pleading guilty. See Henderson v. Morgan, 426 U.S. 637, 645 & n.13 (1976); Commonwealth v. Colantoni, 396 Mass. 672, 679-680 (1986). The factual basis requirement, by contrast, focuses on the judge being satisfied that the defendant is not pleading guilty to a crime unless there is a "strong factual basis" for the charge. Commonwealth v. DelVerde, 398 Mass. 288, 297

(1986), quoting from <u>North Carolina</u> v. <u>Alford</u>, 400 U.S. 25, 37-38 (1970).  See <u>Commonwealth</u> v. <u>Jones</u>, 60 Mass. App. Ct. 88, 90 n.2 (2003).

"A judge may not accept a guilty plea 'unless there are sufficient facts on the record to establish each element of the offense.'"  <u>Hart</u>, <u>supra</u> at 325, quoting from <u>DelVerde</u>, <u>supra</u>. However, by pleading guilty, a defendant waives his right to be convicted on proof beyond a reasonable doubt.  <u>DelVerde</u>, <u>supra</u> at 292.  Therefore, the factual basis for a guilty plea need not satisfy the standard of review for the denial of a motion for a required finding of not guilty set forth in <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 677 (1979), that is, whether "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).

Accordingly, a judge accepting a guilty plea "is not required to determine whether the defendant is or is not guilty of the offense charged."  <u>Commonwealth</u> v. <u>Jenner</u>, 24 Mass. App. Ct. 763, 773 (1987).  Rather, a plea judge "need determine only whether the evidence which he had heard, plus any information he has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty."  <u>Ibid</u>.

As pertinent here, the crime of armed home invasion applies when a defendant "knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present." G. L. c. 265, § 18C. The parties have not cited any published cases, nor are we aware of any, in which the statute has been applied to a defendant who unlawfully entered an empty dwelling and remained there after learning that the resident had returned. The most definitive attempt to define the "remains" element appears in Commonwealth v. Ruiz, 426 Mass. 391, 393 (1998), in which the court in dicta posited that "the Commonwealth would have to establish that, some appreciable time prior to the assault, the defendant remained there, and presumably could have chosen to depart, after coming to know or have reason to know that others were in the dwelling house."

Here, according to the prosecutor's recitation of the facts and the reasonable inferences therefrom, the defendant, armed with a loaded .380 caliber Smith & Wesson semiautomatic pistol, entered an empty home in Framingham. The resident returned home at 2:30 A.M. Upon arrival, he climbed the stairs to the second floor, where his bedroom was located. When he reached the top of the stairs, he saw the defendant standing in the hallway. In a subsequent statement to the police, the defendant claimed that he had entered the dwelling to find a place to sleep, and that

he was looking for the basement when the resident found him on the second floor.

The defendant walked toward the resident and asked, "Where is Tony?" The Commonwealth argues that at this point the defendant had remained in the dwelling for a sufficiently "appreciable" amount of time, ibid., knowing the resident had returned, to provide a factual basis for the guilty plea. We agree. The information available to the plea judge provided a strong factual basis for accepting the defendant's guilty plea, unlike the plea proceeding in Hart, 467 Mass. at 328, in which "the necessary facts [were] completely absent."

The defendant argues that he did not remain in the home for a sufficiently appreciable time period to establish a factual basis for his guilty plea because when he came face-to-face with the resident, he attempted to leave but the resident prevented him from doing so. Indeed, the prosecutor's recitation continued, stating that the resident, when asked, "Where is Tony?," "grabbed the defendant, trying to get out of the house." The defendant responded by brandishing his firearm and pointing it at the resident. The resident then released him, and the defendant ran downstairs and out of the house.

We decline to recognize, at least in the context of reviewing the factual basis of a guilty plea, this sort of reverse "castle" defense. See Commonwealth v. Carlino, 449

Mass. 71, 75 (2007).  An armed intruder in a dwelling does not have the privilege to assault the resident with a firearm to effectuate the intruder's retreat in order to negate the element of remaining after acquiring knowledge of the resident's return. "The [armed home invasion] statute is clearly designed to protect occupants of a dwelling from the kind of incident that occurred here -- entry by an armed person who, once inside, assaults and traumatizes the occupants by attacking them with a [weapon]."  Commonwealth v. Mahar, 430 Mass. 643, 651 (2000).

Conclusion.  Relief under rule 30(b) is "limited to cases where 'it appears that justice may not have been done.'" Commonwealth v. Lopez, 426 Mass. 657, 662 (1998), quoting from Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992).  The strict standard is particularly applicable where, as here, the defendant receives a favorable sentence and does not challenge his plea for eight years, "only to seek to withdraw the plea later when adverse consequences appear."  Lopez, supra at 663. The motion judge did not abuse her discretion in denying the defendant's motion.

Order denying motion for new<br>trial affirmed.