The defendant, Angel Junior Villanueva, entered a guilty plea in Superior Court to the charge of attempted escape from a penal institution, G. L. c. 268, § 16.[2] He later moved to withdraw his plea, asserting both that there was no basis in fact for the conviction and that his plea counsel was ineffective.[3] A judge, who was also the plea judge, denied that motion and a subsequent motion for reconsideration. This appeal followed, and we affirm.
Background. At his plea colloquy, the defendant agreed to the following facts.
"[O]n June 15, 2015, this defendant was being housed ... at the Hampshire County House of Corrections in Cell 35. He was alone in that cell at that time. A cell inspection was conducted of his cell. During that time frame, the correctional officer doing the inspection discovered several pieces of broken nail clippers which had been secreted between the window screen and the frame. Several of them appeared to have been altered to be used to remove some tamper-resistant screws that were in the screen frame and there were screens removed from the window screen frame. They also observed that other pieces of the nail clippers appeared to have been worn down from scraping.
"When the officer further inspected the cell, he observed that in the ceiling of the cell above the sink there was a hole covered, approximately 18 inches in diameter, that had been covered with white plaster material, as well as a piece of paper. When they removed that material, they could see that a hole had been created in the ceiling of [the defendant's] cell approximately six to eight inches at that time. There was a wire mesh that's in the plaster of the ceiling that also had been broken through and was an open ceiling, and the officers were able to see at that point into the crawl space above [the defendant's] cell."
The judge specifically asked, "Did the defendant do it?" The prosecutor replied, "Yes," explaining:
"[T]he defendant was the only person who was in the cell at that period of time. It appeared that it actually had been over the course of several days to create that type of hole, but he was the only person that had access or was housed in that cell during that period of time."
The prosecutor also described the defendant's history of fleeing from police custody, beginning in late 2009, when the defendant was charged with various crimes, including "negligent operation and leaving the scene of property damage based on his flight from the police, both in a vehicle and also on foot." In early 2013, when the defendant was seen driving a stolen car, he "fled from the police in a high-speed chase, and then fled again from [the police] on foot." Finally, on October 11, 2014, police arrested and handcuffed the defendant, but he escaped from the police cruiser.
Discussion. We review the judge's denial of the defendant's motions for "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997). "A judge may not accept a guilty plea 'unless there are sufficient facts on the record to establish each element of the offense.' " Commonwealth v. Hart, 467 Mass. 322, 325 (2014), quoting from Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). In reaching that determination, the judge may consider the Commonwealth's recitation, "any information [the judge] has obtained in the plea hearing, ... [and] reasonable inferences which may be drawn therefrom." Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015), quoting from Commonwealth v. Jenner, 24 Mass. App. Ct. 763, 773 (1987).
The substantive crime of escape occurs when "[1] [a] prisoner of any penal institution[,] ... jail or correctional institution under a lawful order of a court ... [2] [intentionally] [3] escapes ... from any such institution." G. L. c. 268, § 16, as amended through St. 1989, c. 313. See Commonwealth v. Meranda, 2 Mass. App. Ct. 890, 891 (1974) (wrongful intent "necessary element" of escape). Since the defendant never completed his escape, we must determine whether his actions amount to a punishable attempt. "The elements of attempt ... are (1) the specific intent to commit the substantive crime at issue, and (2) an overt act toward completion of the substantive crime."[4] Commonwealth v. LaBrie, 473 Mass. 754, 764 (2016). The defendant contends the facts recited do not demonstrate an intent to escape or the commission of an overt act. We disagree.
A judge may infer a person's intent "from his actions in light of all the surrounding circumstances." Commonwealth v. Amazeen, 375 Mass. 73, 81 (1978). Evidence of intent may come from events outside those spelled out in charging documents. See Commonwealth v. Peaslee, 177 Mass. 267, 274 (1901).
Here, in the ceiling of the defendant's cell, a correction officer discovered a hole eighteen inches wide that broke through to the crawl space above it. The defendant had been the sole occupant of the cell. The officer also discovered that the screws securing the cell's window screen had been removed, and wedged between the window screen and the frame was a pair of nail clippers that had been altered. The clippers appeared worn down from scraping. In addition to evidence supporting the creation of an escape route and the secreting of cutting implements, the judge heard evidence of the defendant's history of flight from police custody, which included fleeing twice from police initially by car and then on foot, and escaping while handcuffed from a police cruiser. Together this evidence and the reasonable inferences to be drawn therefrom, see Armstrong, 88 Mass. App. Ct. at 758-759, were sufficient to establish the defendant's intent to escape from custody.
They also supported a finding of an overt act. In cases where "a person is still in preparatory mode and has not committed the last act necessary to achieve the [substantive] crime," the determination as to whether a preparatory act is "overt" depends on its proximity to the completed substantive crime. Commonwealth v. McWilliams, 473 Mass. 606, 611 (2016). In determining proximity in such cases, three factors must be considered: (1) the gravity of the substantive crime; (2) the uncertainty of the crime's completion given the defendant's preparation; and (3) the seriousness of the threatened harm. Ibid., citing Commonwealth v. Bell, 455 Mass. 408, 414 (2009). All three factors support proximity here.
First, the substantive crime of escape is a grave felony offense punishable by up to ten years in prison. See G. L. c. 268, § 16. Second, the defendant's excavation of an eighteen inch hole in the ceiling of his cell demonstrates that the defendant's attempt to escape from custody was underway when the officer found it-diminishing, thereby, any uncertainty regarding the defendant's plan to escape. See McWilliams, supra at 611-612 (evidence sufficient for attempted robbery where defendant seated "just outside" bank he had robbed previously, wearing same clothing and carrying disguise and pellet gun). Last, a prisoner's escape from custody is a dangerous crime that poses a serious public safety risk. Accordingly, we conclude there was ample support for each of these three factors and a finding of the defendant's commission of an overt act in furtherance of an escape. We discern no error.[5]
Orders denying motion to withdraw plea and for reconsideration affirmed.

The defendant had waived his right to be indicted and allowed the Commonwealth to proceed by way of a district attorney's complaint.

At the plea hearing the defendant had also pleaded guilty to various other criminal charges. However, his motion to withdraw plea addresses only his plea of attempted escape from a penal institution.

The Commonwealth must also "prove the identity of the person who committed the crime charged." Commonwealth v. Montez, 450 Mass. 736, 744 (2008). Here, although identity is questionable, proof comes from two sources. First, the Commonwealth showed identity with evidence of the defendant's consistent course of conduct in escaping custody and that he was the sole occupant of the cell. See Commonwealth v. Helfant, 398 Mass. 214, 224 (1986) (evidence of prior misconduct may be admissible to show identity). Cf. United States v. Bari, 750 F.2d 1169, 1180 (2d Cir. 1984), cert. denied sub nom. Benfield v. United States, 472 U.S. 1019 (1985) (evidence of prior and subsequent escape attempts may be admissible to establish intent or identity where defendant charged with attempt to escape from prison). Second, the defendant agreed with the prosecutor's assertion that he cut the hole in his cell's ceiling. See Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 640 (2007) ("professions under oath at the time of plea ... have consequence").

The defendant's one-sentence contention that his plea counsel was ineffective does not rise to the level of appellate argument required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and, therefore, is waived.