The defendant, Russell V. DiNovo, pleaded guilty to charges of assault and battery on a family or household member, G. L. c. 265, § 13M (a ), and resisting arrest, G. L. c. 268, § 32B ; he was sentenced to time served. Almost two years later he filed a motion for a new trial, arguing, among other things, that the plea judge erred in accepting his guilty pleas because there was no factual basis for the charges. The same judge who had accepted the pleas denied the motion, and the defendant appeals. We affirm.
Under Mass. R. Crim. P. 12 (c) (5) (A), as appearing in 470 Mass. 1511 (2015), "[a] judge may not accept a guilty plea 'unless there are sufficient facts on the record to establish each element of the offense.' " Commonwealth v. Hart, 467 Mass. 322, 325 (2014), quoting Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). However, during a plea colloquy, the Commonwealth is not obligated to recite facts sufficient to prove each element beyond a reasonable doubt. See Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015). "Rather, a plea judge 'need determine only whether the evidence which he had heard, plus any information he has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty.' " Id., quoting Commonwealth v. Jenner, 24 Mass. App. Ct. 763, 773 (1987).
Specifically, the defendant contends that the prosecutor's recitation of the facts did not sufficiently establish that the victim of the assault and battery was a family or household member, or that he used sufficient physical force to be guilty of resisting arrest. We disagree.
The prosecutor stated, and the defendant acknowledged, that the victim of the domestic incident was his "then girlfriend," and that he "dragg[ed] her out of the house." To establish a factual basis for the plea, the Commonwealth was not required to provide evidence of the considerations enumerated in § 13M (c ) (iii), to determine whether the relationship was substantive. These factors are not elements of the offense. Even in the cases that go to trial, "[t]here does not need to be evidence as to each factor, let alone proof beyond a reasonable doubt as to any one or more of them." Commonwealth v. Dustin, 476 Mass. 1003, 1006 n.7 (2016).
The defendant admitted to "pushing and pulling" his "then girlfriend" "out of the apartment." The prosecutor's description permitted the inference that the two were involved in a substantive dating relationship and were living together when the incident occurred. For the purposes of rule 12 (c) (5) (A), this was enough to satisfy the judge that a factual basis existed for the defendant to plead guilty to assault and battery on a family or household member.
With respect to the charge of resisting arrest, the prosecutor described the defendant's conduct in the following terms: "[O]fficers do arrive, they do attempt to place Mr. Dinovo under arrest. He does resist that arrest, not placing his hands behind his back. Officers did have to deploy an arm-bar takedown technique to eventually bring Mr. Dinovo to the ground at which point he still ... did resist that arrest." The prosecutor's recitation went beyond merely stating that the defendant "resisted." See Hart, 467 Mass. at 328. Rather, she described conduct by the defendant that required the officers to wrestle him to the ground to effect the arrest. This description was sufficient for the judge to infer that the defendant's conduct was not merely passive, but rather was "an active, physical refusal to submit to the authority of the arresting officers." Commonwealth v. Maylott, 65 Mass. App. Ct. 466, 469 (2006). The pleas had a basis in facts, and the judge did not err in accepting them.
Order denying motion for new trial affirmed.