The defendant, Anthony Catuto, pleaded guilty in 2007 to possession of child pornography, G. L. c. 272, § 29C. Almost ten years later, he moved to vacate his plea on the grounds that there was no factual basis for the plea and that he did not plead voluntarily and intelligently because the Commonwealth's recitation of facts did not support a finding that the person in a lewd photograph he possessed was younger than eighteen years of age. A judge who was not the plea judge denied the motion and this appeal followed. We affirm.
Background. At his plea colloquy, the defendant agreed to the following facts.
"[O]n August 22nd, 2006, the Somerset Police Department was conducting an undercover prostitution sting operation at the Super 8 Motel in Somerset. The defendant was present at the motel during the sting operation, and a subsequent search of the defendant produced one photograph of a young teenaged male considered to be portrayed in a pose involving lewd exhibition of the unclothed genitals as defined under Chapter 272, Section 29C."
Discussion. We review the judge's denial of the defendant's motion for "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997).
1. Factual basis. The defendant contends that the Commonwealth's recitation did not provide a sufficient factual basis for his plea because the Commonwealth did not prove that the subject of the photograph was younger than eighteen years. We are not persuaded.
"The factual basis requirement is distinct from the requirement that a defendant's plea be made voluntarily and intelligently." Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015). The judge must be satisfied, based on all the information presented during the plea hearing, that "there is a 'strong factual basis' for the charge." Id., quoting Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). Facts on the record must "establish each element of the offense." Commonwealth v. Hart, 467 Mass. 322, 325-326 (2014), quoting DelVerde, supra. As applicable to this case, the Commonwealth had to prove that the defendant (1) knowingly possessed; (2) a photograph; (3) of a child whom the defendant "knows or reasonably should know to be under the age of 18 years of age[;] [ (4) ] and such child is ... depicted or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed genitals ...[;] [ (5) ] with knowledge of the nature or content thereof." G. L. c. 272, § 29C.
The defendant only challenges proof of the age element of § 29C. Here, contrary to the defendant's contention, the Commonwealth's recitation that the photograph depicted a "young teenaged male" in violation of the statute was sufficient to support a finding that the subject was younger than eighteen years of age. See Commonwealth v. Pillai, 445 Mass. 175, 187 (2005) (girls approximately fifteen years old described as "young teenage girls"); Commonwealth v. Duarte, 56 Mass. App. Ct. 714, 718 (2002) (thirteen year old described as "a young teenaged girl"). The factual basis for the plea was adequately supported.
2. Voluntariness and intelligence. We are similarly not persuaded that the Commonwealth's failure to state the photograph subject's age prevented the defendant from pleading voluntarily and intelligently.
"A plea is voluntary if entered without coercion, duress, or improper inducements." Commonwealth v. Berrios, 447 Mass. 701, 708 (2006), cert. denied, 550 U.S. 907 (2007). In this case, the judge meticulously interrogated the defendant on such issues. Nothing in the record reveals any hint of coercion, duress, or improper inducement.
"In order for a guilty plea to be deemed intelligently made, '[t]here must be an explanation by the judge or defense counsel of the elements of the crimes charged or an admission by the defendant to the facts constituting those crimes.' " Commonwealth v. DeCologero, 49 Mass. App. Ct. 93, 97 (2000), quoting Commonwealth v. Correa, 43 Mass. App. Ct. 714, 717 (1997). Here, the defendant heard the Commonwealth's recitation, which covered all the elements it had to prove under § 29C. He then admitted that all those facts were true, including the characterization of the photograph as containing "a young teenaged male." This was sufficient to establish that he pleaded intelligently. See DeCologero, supra. We discern no abuse of discretion.
Order denying motion for new trial affirmed.