DONALD, COMMONWEALTH vs., 101 Mass. App. Ct. 383

 
 COMMONWEALTH vs. DANIEL A. DONALD.

101 Mass. App. Ct. 383
 March 8, 2022 - July 13, 2022

Court Below: Superior Court, Worcester County
Present: Green, C.J., Englander, & Grant, JJ.

 

No. 21-P-250.

Controlled Substances. Practice, Criminal, Plea. Evidence, Guilty plea.

A Superior Court judge properly denied a criminal defendant's motion to withdraw his guilty pleas on various drug-related charges, where the plea colloquy set forth a sufficient factual basis, as established in the prosecutor's narrative and the defendant's own admissions, to allow the plea judge to determine that the defendant possessed or distributed the drugs named in the indictments [384-388]; and where the pleas were knowing and intelligent, given that the defendant agreed to the prosecutor's recitation of the facts [388-389].

Indictments found and returned in the Superior Court Department on January 13 and February 18, 2005. 

 A motion to withdraw pleas of guilty, filed on October 29, 2020, was heard by Daniel M. Wrenn, J. 

 Michael Pabian for the defendant.

 Nathaniel R. Beaudoin, Assistant District Attorney, for the Commonwealth.

 GRANT, J. The defendant, Daniel A. Donald, appeals from an order of a Superior Court judge (motion judge) denying his motion to withdraw his guilty pleas. In that motion, the defendant argued that the guilty pleas to various drug offenses that he had entered fifteen years earlier were invalid for lack of a factual basis, contrary to the requirements of Commonwealth v. Hart, 467 Mass. 322, 325-326 (2014), and Mass. R. Crim. P. 12 (c) (5) (A), as appearing in 442 Mass. 1511 (2004), and also were not knowing and intelligent because the plea judge did not define joint venture, although the prosecutor used that term in his recitation of the facts. Discerning no abuse of discretion or other error of law, we affirm. 

 Background. In 2005, the defendant pleaded guilty to indictments for offenses that occurred on two dates. As to those occurring on September 24, 2004, the defendant pleaded guilty to three 

 Page 384 

indictments for possession with intent to distribute heroin, cocaine, and oxycodone, G. L. c. 94C, §§ 32 (a) & 32A (a), and an indictment for operating a motor vehicle with his license suspended, G. L. c. 90, § 23 (collectively, September indictments). In conjunction with those pleas, the Commonwealth agreed to dismissal of three indictments for committing each of those drug offenses within 1,000 feet of a school, G. L. c. 94C, § 32J (as then in effect). As to offenses occurring on December 9, 2004, the defendant pleaded guilty to an indictment for distribution of heroin, G. L. c. 94C, § 32 (a) (December indictment), and the Commonwealth agreed to the dismissal of an indictment for possession of heroin with intent to distribute, and of two indictments for committing each of those drug offenses within 1,000 feet of a school, G. L. c. 94C, § 32J (as then in effect). On the four drug offenses to which the defendant pleaded guilty, the plea judge sentenced him, as agreed by the parties, to concurrent terms of from two to three years in State prison. [Note 1] The operating after suspension charge was placed on file with the defendant's consent. 

 In 2020, the defendant moved to withdraw his guilty pleas, arguing that the plea colloquy did not set forth a sufficient factual basis from which the plea judge could have found that the defendant possessed the drugs named in the September indictments, or that he distributed the heroin named in the December indictment. The motion also argued that the defendant's plea to the December indictment was not knowing and intelligent because the plea judge did not explain the meaning of joint venture. After a nonevidentiary hearing, the motion judge denied the motion, ruling that the plea colloquy, "read in its entirety," established a sufficient factual basis for the pleas, and that they were knowing and voluntary. 

 Discussion. 1. Sufficient factual basis. "A judge shall not accept a plea of guilty unless the judge is satisfied that there is a factual basis for the charge." Mass. R. Crim. P. 12 (c) (5) (A). [Note 2] See Hart, $no$467 Mass. at 325. The judge must ensure that there is 

 Page 385 

a "strong factual basis" for the charge before accepting the defendant's plea. Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015), quoting Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). Before the judge accepts the plea, there must be "sufficient facts on the record to establish each element of the offense." Armstrong, supra, quoting Hart, supra. 

 However, because by pleading guilty the defendant waives his right to be convicted on proof beyond a reasonable doubt, "the factual basis for a guilty plea need not satisfy the standard of review for the denial of a motion for a required finding of not guilty set forth in Commonwealth v. Latimore, 378 Mass. 671, 677 (1979)." Armstrong, 88 Mass. App. Ct. at 758. The plea judge need not determine that the defendant is guilty of the crime charged, but "only whether the evidence which [the judge] had heard, plus any information [the judge] has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty" (citation omitted). Id. 

 a. September indictments. The defendant argues that the information before the plea judge "consist[ed] solely of the prosecutor's narrative description of the facts," and because that narrative did not include a verb specifying that the defendant possessed the drugs at issue in the September indictments, the factual basis was lacking. He maintains that the prosecutor's narrative set forth only that the defendant was present in a vehicle where illegal drugs were found. We disagree.

 At the plea hearing, the following exchange took place:

The prosecutor: "I'll lead with [d]ocket [n]o. 2005-76, the lead complaint . . . . On those counts of distribution of heroin, [o]xycodone[,] and cocaine the maximum sentence would be [ten] years in State [p]rison or two and a half years in the [h]ouse of [c]orrection. 

"The facts in support of that plea . . . would be that at approximately 2:10 in the afternoon, on September the 24th of 2004, members of the Worcester [p]olice[] [v]ice [s]quad had, in hand, a search warrant for a motor vehicle, that motor vehicle being operated by the defendant before the [c]ourt, Mr. Donald.

 Page 386 

"At that point in time they had stopped the motor vehicle and conducted a search of the vehicle resulting in the recovery of approximately eight bags of powder which was analyzed and tested to be heroin; a quantity of oxycodone, [thirty] white pills; also [twenty-three] blue packets of cocaine, the [o]xycodone and cocaine both being [c]lass B substances.

"Also recovered was approximately $1,557 in cash. The quantities of both heroin, [o]xycodone and cocaine were a sufficient quantity as to indicate possession with the intent to distribute those drugs . . . ."

The judge: "Mr. Donald, did you do the things that [the prosecutor] said you did?"

The defendant: "Yes, sir."

The judge: "And do you admit that everything the [assistant] district attorney just told me is true?"

The defendant: "Yes, sir." 

 Then the clerk inquired as to the defendant's plea on each of the September indictments:

The clerk: "Mr. Donald, on [i]ndictment 05-0076-1, possession of heroin with intent to distribute, guilty or not guilty?"

The defendant: "Guilty."

The clerk: "Indictment No. 2, possession of cocaine with intent to distribute, guilty or not guilty?"

The defendant: "Guilty."

The clerk: "Indictment No. 3, possession of a [c]lass B substance with intent to distribute, guilty or not guilty?"

The defendant: "Guilty." 

 The defendant maintains that the prosecutor's narrative did not specify that the defendant possessed the heroin, oxycodone, and cocaine in the vehicle. On the contrary, as set forth above, the prosecutor's narrative included assertions that the defendant was charged with "distribution" of those drugs, which were of sufficient quantity to show "possession" with intent to distribute them. [Note 3] See Armstrong, 88 Mass. App. Ct. at 759 (prosecutor's recitation 

 Page 387 

that at 2:30 A.M. defendant entered empty home armed with handgun and remained after resident returned sufficed to prove basis for plea to armed home invasion). 

 Moreover, in determining whether there was a sufficient factual basis for the plea, the plea judge was not confined to the facts in the prosecutor's narrative. The judge could consider "the defendant's admission, or his admission supplemented by the State's offer of proof." Hart, 467 Mass. at 326. Questioned by the clerk, the defendant admitted, under oath and while represented by counsel, that he was "[g]uilty" of "possession" of the heroin, cocaine, and class B substance named in each of the three September indictments, "with intent to distribute" those drugs. Because the factual basis before the plea judge included the defendant's admissions, this case is distinguishable from those in which the trial evidence of constructive possession of drugs was insufficient. [Note 4] See, e.g., Commonwealth v. Santana, 95 Mass. App. Ct. 265, 269 (2019) (evidence at trial did not establish defendant's knowledge that drugs were in glove compartment of borrowed car he was driving). 

 b. December indictment. As to the December indictment, the defendant argues that the factual basis was insufficient because the prosecutor did not state that the item the defendant exchanged was heroin. The prosecutor recited the facts as follows:

The prosecutor: "On [December 9, 2004,] members of the vice squad were conducting a surveillance in the area of Santiago's Market in the [c]ity of Worcester when they had observed one male use the pay phones and then appear to make arrangements with another party.

"They then got into a car and drove to Federal Street . . . where a motor vehicle operated by Mr. Donald had pulled up, the officer being familiar with Mr. Donald.

 Page 388 

"One of the subjects had gotten out of the car and engaged in a transfer with Mr. Donald. At that point in time officers moved in and confiscated heroin from the recipient of the person who had received them from Mr. Donald.

"As a result, he was charged in a joint venture with distribution of heroin." 

The judge: "Did you do the things in that indictment that [the prosecutor] said that you did?"

The defendant: "Yes, sir."

The judge: "Do you admit that everything that he just told me with respect to that indictment is true?"

The defendant: "Yes, sir." 

In inquiring as to the defendant's change of plea, the clerk named the offense charged in the December indictment, "distribution of heroin," and the defendant replied that he was "[g]uilty." 

 From that recitation, the plea judge could reasonably infer that the defendant "engaged in a transfer" of an item with a "subject," who then gave it to the "recipient," after which police confiscated the item, which was heroin. See Armstrong, 88 Mass. App. Ct. at 758. Contrast Commonwealth v. Ramos-Cabrera, 486 Mass. 364, 365-366 (2020) (judge properly rejected plea to joint venture heroin distribution, where during colloquy defendant denied selling heroin to undercover officer as prosecutor recited, and instead admitted only "facilitat[ing]" and "[m]aking the arrangements with" codefendant). Simply because the prosecutor referred to the defendant as having been "charged in a joint venture with distribution of heroin" did not negate the reasonable inference -- from the prosecutor's recitation and the defendant's admission -- that the defendant was the principal who transferred the heroin to the "subject."

 2. Voluntariness of plea. The defendant further argues that his plea as to the December indictment for distribution of heroin was not knowing and intelligent, because the prosecutor's reference to "a joint venture" required the plea judge to explain to him the elements of joint venture. In contrast to the factual basis requirement, which focuses on the plea judge's being satisfied that there is a factual basis for the crime to which the defendant is pleading guilty, "[t]he intelligence requirement focuses on the defendant's 

 Page 389 

understanding of the charges to which he is pleading guilty." Armstrong, 88 Mass. App. Ct. at 758. "The intelligence requirement may be met in one of three ways: the [plea] judge may explain the elements of the crime to the defendant; [defense] counsel may explain the elements of the crime to the defendant; or the defendant may 'admit[] the facts constituting the crime . . . even if he is not aware that [those] facts . . . are the elements of the crime.'" Hart, 467 Mass. at 325, quoting Commonwealth v. Colantoni, 396 Mass. 672, 679-680 (1986).

 By agreeing to the prosecutor's recitation of the facts as set forth above, the defendant admitted that he "transfer[red]" the heroin to "the recipient." In that context, for the defendant's plea to be intelligent, the plea judge did not have to explain the law of joint venture, because the defendant agreed with the prosecutor's recitation of the facts that made him liable as a principal. [Note 5] Cf. Commonwealth v. Brannon B., 66 Mass. App. Ct. 97, 99-100 (2006) (plea intelligent, where juvenile disagreed with prosecutor's allegation that juvenile stole victim's purse, but agreed that he had chased victim while others robbed her at gunpoint, thus making him joint venturer). Contrast Commonwealth v. Argueta, 73 Mass. App. Ct. 564, 566-568 (2009) (plea not intelligent as to joint venture, where prosecutor recited that defendant stood near juvenile who "tagged" building with graffiti).

 As the factual basis for the pleas was adequate, the motion judge acted in his discretion in denying the motion. Accordingly, the order denying the motion to withdraw the guilty pleas is affirmed.

So ordered.

FOOTNOTES
[Note 1] The drug offenses to which the defendant pleaded guilty in 2005 were each subject to a maximum sentence of ten years in State prison, or two and one-half years in a house of correction. See G. L. c. 94C, §§ 32 (a) & 32A (a). The five school zone offenses would have been each subject to a maximum sentence of fifteen years in State prison, or two and one-half years in a house of correction. See G. L. c. 94C, § 32J. 

[Note 2] That rule now states that, if a defendant wishes to plead guilty, the judge will make findings as to "whether there is an adequate factual basis for the charge. The defendant's failure to acknowledge all aspects of the factual basis shall not preclude a judge from accepting a guilty plea . . . ." Mass. R. Crim. P. 12 (c) (5), as amended, 482 Mass. 1501 (2019). 

[Note 3] As set forth above, at one point the prosecutor described the indictments as charging the defendant with "distribution" of heroin, oxycodone, and cocaine. In fact, the defendant was charged with possession with intent to distribute those substances, as the prosecutor correctly stated later in his narrative. The discrepancy did not affect the sufficiency of the factual basis for the plea. 

[Note 4] We note as well that the concept of "possession" is not so complex that the defendant's admission cannot be understood as an acknowledgement that he possessed the drugs at issue, a reality that is not impaired by the fact that the Commonwealth would have proceeded at trial to establish possession (if not admitted) on a theory of constructive possession. Compare Hart, 467 Mass. at 328 ("whether the crime of resisting arrest has been made out is an intensely factual, nuanced inquiry that must consider the nature of the defendant's conduct or actions and the sequence of those actions in relation to corresponding action by the police officers involved"). 

[Note 5] In addition, when the plea judge asked if plea counsel had "explained to you the elements" of the crime alleged in the December indictment, the defendant replied, "Yes, sir." 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.