NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-918

COMMONWEALTH

vs.

COREY HUTCHINS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a Superior Court judge denying his motion to withdraw his guilty pleas to a series of firearms and property crimes.  We reject the defendant's first argument, that his plea counsel rendered ineffective assistance when he failed to move to dismiss either four counts of unlawful possession of a large capacity feeding device or four counts of unlawful possession of a firearm on the grounds that his convictions of each of those offenses violated double jeopardy principles.  We are likewise unpersuaded by his second contention that the evidence presented in the course of the plea colloquy was insufficient to support the defendant's convictions.  Accordingly, we affirm.

Background.  We summarize the relevant procedural history. In April 2015, the defendant was indicted in the Superior Court

for twenty crimes:  two counts of trafficking in firearms, G. L. c. 269, § 10E (1); three counts of unlawful possession of a firearm, G. L. c. 269, § 10 (a); six counts of unlawful possession of a firearm, G. L. c. 269, § 10 (h); two counts of unlawful possession of ammunition, G. L. c. 269, § 10 (h); four counts of unlawful possession of a large capacity feeding device, G. L. c. 269, § 10 (m); and three counts of receiving stolen property, G. L. c. 266, § 60.  The following January, the defendant pleaded guilty to all twenty indictments and was sentenced.[1]  In April 2021, the defendant moved to vacate his pleas, pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001) (rule 30 [b]); the Commonwealth opposed the motion.[2]  After a nonevidentiary hearing, the judge denied the defendant's motion to withdraw his guilty pleas.  This appeal followed.

---

[1] In each instance, the defendant was indicted as a habitual offender under G. L. c. 279, § 25 (a); counts three through thirteen charged the defendant as a prior offender with three serious drug convictions.  See G. L. c. 269, § 10G (c).  As part of the defendant's plea, the habitual offender enhancements were dismissed and the § 10G enhancements were reduced.  See G. L. c. 269, § 10G (b).  The sentencing enhancements are not at issue in this appeal.

[2] The Commonwealth did, however, concede that the defendant's sentences on counts three through thirteen were illegal in light of Commonwealth v. Resende, 474 Mass. 455, 469-470 (2016).  The defendant was resentenced on those convictions, and the sentencing decisions are not part of this appeal.

2

Discussion.  1.  Standard of review.  In moving to withdraw his guilty pleas, the defendant properly relied on rule 30 (b), governing motions for new trial.  See Commonwealth v. Fernandes, 390 Mass. 714, 715 (1984).  We review a judge's decision on a motion for new trial "to determine whether there has been a significant error of law or other abuse of discretion."  Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).  Allowance of the motion for a new trial is appropriate only in extraordinary circumstances.  See Commonwealth v. Amirault, 424 Mass. 618, 645-647 (1997).  We are mindful that the applicant for the new trial carries the burden of proof to rebut the presumption of an original fair trial and the valid entry of a guilty plea.  See Commonwealth v. Comita, 441 Mass. 86, 93-94 (2004).  We accord substantial deference to the motion judge's ruling where he also presided over the defendant's pleas.  See Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016).

2.  Ineffective assistance of counsel.  The defendant contends that his convictions for unlawful possession of a large capacity feeding device were duplicative of his convictions for unlawful possession of a firearm where the firearms in question depended on the use of the feeding devices for their ability to fire.  In other words, the defendant argues that because the feeding devices were part of the firearms, he could not be

3

separately convicted for unlawfully possessing both the firearm and the feeding device. For that reason, he argues that his trial counsel was ineffective in failing to move to dismiss one set of the indictments. Because we discern no double jeopardy problem with the convictions at issue, we are satisfied that the judge acted within his discretion in denying the defendant's motion on that theory.

"Where a new trial is sought based on a claim of ineffective assistance of counsel, the burden of proving ineffectiveness rests with the defendant." Commonwealth v. Montez, 450 Mass. 736, 755 (2008). To prevail, "the defendant bears the substantial burden of demonstrating both that (1) the conduct of his counsel fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and (2) this conduct 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Henry, 88 Mass. App. Ct. 446, 452 (2015), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Contrary to the defendant's argument, there was no prohibition against separate convictions of unlawful possession of (1) a firearm under G. L. c. 269, § 10 (a) or § 10 (h), and (2) possession of a large capacity feeding device under G. L. c. 269, § 10 (m). "The traditional rule in Massachusetts, as embodied in Morey v. Commonwealth, 108 Mass. 433, 434 (1871) [],

4

and its progeny, is that 'a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not.'" Commonwealth v. Vick, 454 Mass. 418, 431 (2009), quoting Commonwealth v. Valliere, 437 Mass. 366, 371 (2002). Such is the case here. The crime of unlawful possession of a large capacity feeding device requires an element not required to prove unlawful possession of a firearm under either § 10 (a) or § 10 (h) -- namely, that the defendant possessed "a large capacity feeding device."[3] G. L. c. 269, § 10

_____

[3] The defendant's reliance on Commonwealth v. Costa, 65 Mass. App. Ct. 227 (2005), is misplaced. In contrast to the facts of this case, the defendant in Costa was charged under § 10 (m) with unlawful possession of a large capacity weapon, not, as here, a large capacity feeding device, and with illegal possession of a firearm. See id. at 235. We concluded that where "[t]he only difference between the two violations is the 'capacity' of the firearm," the defendant's convictions for both offenses were duplicative. Id. See G. L. c. 140, § 121 (defining "large capacity weapon" to include "any firearm" meeting certain criteria). Commonwealth v. Rivas, 466 Mass. 184 (2013), cited in the defendant's brief, is likewise distinguishable.

(m).[4]  See G. L. c. 269, §§ 10 (a),[5] 10 (h) (1).[6]  An element of

possession of a firearm under § 10 (a) or § 10 (h) is possession

of a "firearm," which is not an element of § 10 (m).  G. L.

c. 269, § 10 (m).  See G. L. c. 140, § 121 (defining "firearm"

and "large capacity feeding device" for purposes of G. L.

c. 269, § 10).  Neither offense is a lesser included offense of

the other because each has an element the other does not.  See

Commonwealth v. Mazzantini, 74 Mass. App. Ct. 915, 916 (2009)

(mere fact that large capacity feeding device was component of

large capacity weapon did not preclude defendant from being

convicted and sentenced for simultaneous possession of both

items, where Legislature criminalized separate items

disjunctively).[7]

---

[4] The elements of unlawful possession of a large capacity feeding device are (1) knowing (2) possession (3) of a large capacity weapon or large capacity feeding device (4) without a valid license to carry firearms.  See G. L. c. 269, § 10 (m).

[5] The elements of unlawful possession of a firearm under § 10 (a) are (1) knowing (2) possession (3) of a firearm (4) "without . . . being present in or on his residence or place of business" and (5) without complying with relevant licensing requirements. G. L. c. 269, § 10 (a).

[6] To prove illegal possession of a firearm under § 10 (h) (1), the Commonwealth must show (1) ownership, possession, or transfer (2) of a firearm (3) without complying with the relevant licensing requirements.  See G. L. c. 269, § 10 (h) (1).

[7] To the extent the defendant here reads our decision in Costa to have turned on whether "the same feeding device was at issue for both of those indictments," we do not agree.  The Legislature

6

Given our conclusion that neither possession of a large capacity feeding device nor possession of a firearm was a lesser included offense of the other, we also conclude that any motion to dismiss the indictments on the basis of double jeopardy would have been futile; it was not ineffective assistance for plea counsel not to have pursued a futile motion. See Commonwealth v. Vieux, 41 Mass. App. Ct. 526, 527 (1996), cert. denied, 520 U.S. 1245 (1997). The judge did not abuse his discretion in denying the defendant's motion to withdraw his pleas on this basis.

3. Plea colloquy. At the hearing, the prosecutor presented a summary of the evidence underpinning the twenty indictments to which the defendant pleaded guilty. The defendant contends that the facts recited by the prosecutor in support of the indictments for illegal possession of a large capacity feeding device and receiving stolen property were insufficient. While we consider it a close question that could have been avoided by a more fulsome recitation of the available

---

separately criminalized the possession of a large capacity weapon without reference to whether the weapon was actually fitted with a high capacity feeding device. See G. L. c. 140, § 121 ("'Large capacity weapon,' any firearm, rifle or shotgun: . . . (ii) that is semiautomatic and capable of accepting, or readily modifiable to accept, any detachable large capacity feeding device" [emphasis added]).

7

facts, we ultimately are not persuaded that the prosecutor's recitation was inadequate.

A judge shall not accept a plea of guilty unless the judge is satisfied that "there is a factual basis for the charge." Mass. R. Crim. P. 12 (c) (5) (A), as appearing in 442 Mass. 1511 (2004). "However, by pleading guilty a defendant waives his right to be convicted on proof beyond a reasonable doubt." Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015). "Therefore, the factual basis for a guilty plea need not satisfy the [Latimore] standard of review." Id. The plea judge need only determine "whether the evidence which [the judge] had heard, plus any information [the judge] has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty" (citation omitted). Id.

The defendant's challenge to the sufficiency of the evidence supporting his pleas to the indictments for unlawful possession of a large capacity feeding device focuses on the knowledge element of that offense. He contends that "there was no evidence that [he] knew beyond a reasonable doubt" that the devices were capable of holding more than ten rounds of

8

ammunition.[8]  See G. L. c. 140, § 121 (defining "large capacity feeding device" as one "capable of accepting . . . more than ten rounds of ammunition").  Considering the question under the correct standard, we are not persuaded.  As part of the colloquy, the judge heard that the defendant possessed the firearms and feeding devices at issue as an illegal seller of guns; from this, the judge could properly have inferred that the defendant was generally familiar with weapons that he sold, including their capacity.  See Commonwealth v. Cassidy, 479 Mass. 527, 537-538, cert. denied, 139 S. Ct. 276 (2018).  While sparse, the facts read by the prosecutor, underscored by the defendant's familiarity with the elements of the offenses charged and his admission to them, were sufficient evidence on the challenged elements of the indictments for illegal possession of the large capacity feeding devices "to support the charge[s]."  Armstrong, 88 Mass. App. Ct. at 758.

Although we consider it another very close question, we conclude likewise that the facts recited by the prosecutor provided the judge with a sufficient factual basis for the defendant's plea to three counts of receiving stolen property

---

[8] As we have noted, the judge was not required to find the elements of the offenses to which the defendant pleaded guilty beyond a reasonable doubt, only that there was "a strong factual basis for the plea" (citation omitted).  Commonwealth v. Hart, 467 Mass. 322, 326 (2014).

9

over $250.  The judge heard that undercover police officers used a codefendant to broker the covert purchase of guns from the defendant on two separate occasions.[9]  In the first sale, the undercover officer bought three handguns of different calibers, including two guns equipped with large capacity feeding devices, for a total of $1,950.  In the second sale, an undercover officer bought five additional guns, all of differing manufacture, including two large capacity feeding devices.  The prosecutor told the judge that one of the guns sold in the first transaction, and two of the guns transferred in the second sale, had been reported stolen.  After he was arrested, the defendant gave a statement to the police describing his sale of those firearms.

The defendant's awareness that three of the firearms he sold to the undercover police officers were stolen could be inferred from the prosecutor's account that the defendant twice covertly sold an assortment of different guns to the police, the fact that the guns had been reported as stolen, and the defendant's admission in his contemporaneous statement to the police that he had sold those guns.  See Commonwealth v. Quish, 356 Mass. 718, 719 (1969) (even absent evidence of recent theft, judge could infer from quantity and nature of the goods with

---

[9] Inferentially, these sales took place at the defendant's home.

10

which defendant was apprehended that defendant knew goods were stolen). Similarly, the evidence that the defendant sold three of the stolen guns for a total of $1,950 permitted the judge to infer that the value per gun was at least $250. We are satisfied that the judge's acceptance of the plea was founded on a sufficient factual basis, see Armstrong, 88 Mass. App. Ct. at 758, and that he did not err in later denying the defendant's motion to withdraw his guilty pleas based on the defendant's argument to the contrary.

4. Lack of evidentiary hearing on motion. While an evidentiary hearing is usually required on a motion under rule 30 (b) where a "substantial issue" has been raised,[10] Commonwealth v. Chatman, 466 Mass. 327, 334 (2013), "[such a] hearing may not be necessary . . . if the substantial issue raised is solely a question of law, or if the facts are undisputed in the record." Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 395 (2012). As we have discussed, the defendant's claim of ineffective assistance was based on his claim that certain of his convictions offended double jeopardy. That was a question of law that the judge properly resolved without a hearing. The defendant's remaining arguments were, necessarily,

_____

[10] We accept the defendant's argument that a claim of ineffective assistance generally qualifies as "a substantial issue." Commonwealth v. Chatman, 466 Mass. 327, 334 (2013).

11

decided on the record of the plea colloquy, which was itself not disputed.  There was no error in the judge's deciding the defendant's motion without holding an evidentiary hearing.

<u>Order denying motion to withdraw guilty pleas affirmed</u>.

By the Court (Sullivan, Hand & Walsh, JJ.[11]),

*Joseph F. Stanton*

Clerk

Entered:  February 8, 2023.

---

[11] The panelists are listed in order of seniority.