NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-33

COMMONWEALTH

vs.

CHRISTOPHER FISICHELLA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After an altercation with his wife in 2016, the defendant, Christopher Fisichella, was charged in the District Court with assault and battery on a family or household member (ABFHM) and vandalizing property.  On June 28, 2017, he admitted to sufficient facts for guilty findings on the charge of ABFHM, and on a reduced charge of malicious destruction of property over $250; the judge continued both charges without a finding for a one-year period.

Between 2017 and 2019, the defendant filed three unsuccessful motions for a new trial.  He appealed from the denial of the third motion and, in an unpublished decision issued under our rule 23.0, a panel of this court affirmed the

judge's order.  See Commonwealth v. Fisichella, 98 Mass. App. Ct. 1113 (2020).  On September 18, 2023, the defendant filed a fourth motion for new trial, accompanied by a motion for discovery.  When the judge[1] denied those motions after a hearing, the defendant filed this appeal.  Having carefully considered the defendant's arguments, we affirm.

Discussion.  1.  Motion for new trial.  A motion to withdraw an admission to sufficient facts is considered a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  See Commonwealth v. Scott, 467 Mass. 336, 337 n.1, 344 (2014).  "A strong policy of finality limits the grant of new trial motions to exceptional situations, and such motions should not be allowed lightly."  Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 394 (2012).  A judge may deny a motion for a new trial "on the papers, without hearing, where no substantial issue is raised."  Id.  Because the motion judge in the present case did not preside over the plea hearing, our review is de novo.  See Commonwealth v. Cousin, 478 Mass. 608, 615 (2018).  Parsing the defendant's brief and his citations to the record carefully, we discern neither an abuse of discretion

_____

[1] The same judge had decided each of the prior motions for a new trial in this case.

2

nor an error of law in the judge's ruling, and so we affirm.
See Scott, supra at 344.

a.  Previously-litigated claims.  The defendant's contentions that he is entitled to withdraw his plea because (1) the charged conduct was legally justified as actions taken in defense of third parties (here, his children); (2) he was coerced into tendering or accepting the plea; and (3) the complaining witness lied about certain details of the defendant's conduct at the time of the crimes, were all litigated in his prior appeal.  We decline to reconsider those issues.  See Commonwealth v. Watkins (No. 1), 486 Mass. 801, 806 (2021) (although "emphasis . . . in [defendant's successive] motions [for new trial] differ[ed] slightly," where "main thrust of both" was similar, direct estoppel precluded defendant from relitigating those issues).  Cf. Commonwealth v. Pfeiffer, 492 Mass. 440, 447-448 (2023).

b.  Plea colloquy.  The record does not support the defendant's contention that "the trial day transcript . . . shows there was no colloquy" at the time of his plea.  The docket reflects that there was a colloquy and, although the recording of the hearing appears to have been paused for a period between the judge's rejection of the defendant's capped plea tender and the clerk's recitation of the plea's

3

disposition, the transcript does not foreclose the existence of an unrecorded colloquy.[2]  Moreover, the record reflects that at different times in the history of this case -- including in the course of arguing one of his motions for new trial and in a later written filing -- the defendant recalled and related details of that colloquy.

The record is insufficient to allow us to analyze the defendant's related claim that the judge's colloquy failed to ensure that the defendant's plea was made voluntarily and intelligently.  See Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015).  The recording of the plea hearing was incomplete and, although the defendant could have sought to reconstruct the record, he did not do so.  See Mass. R. A. P. 8 (C) (3) (c), as appearing in 481 Mass. 1611 (2019); Commonwealth v. Woody, 429 Mass. 95, 97 (1999) (failure of appellant to provide appellate court with adequate record may preclude review).  Absent an adequate record, the defendant has failed to demonstrate any deficiency in the plea colloquy entitling him to a new trial.  See Commonwealth v. Harris, 376 Mass. 74, 78-79 (1978) (appellant must attempt to reconstruct

---

    [2] That the docket reflects no objection or other reference to the judge's failure to conduct a colloquy, and the defendant failed to raise the lack of any colloquy in his earlier motions for a new trial, add support to our view.

4

record); Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018) (generally, failure to provide adequate record is "fatal" to appeal).

c. Ineffective assistance. On appeal, the defendant also argues that his counsel was ineffective because he failed to move to dismiss the charges based on lack of prosecution, and failed to move to suppress evidence. When the basis for a motion for a new trial is a claim of ineffective assistance of counsel, "the defendant must show that the behavior of counsel fell measurably below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Prado, 94 Mass. App. Ct. 253, 255 (2018), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Because this argument could have been raised in the defendant's earlier appeal but was not, to the extent we discern abuse of discretion or another error, we ask only whether the error created a substantial risk of a miscarriage of justice. See Commonwealth v. Brescia, 471 Mass. 381, 389 (2015).

The defendant has not explained how his counsel's performance fell below accepted standards in failing to file either of the motions on which he focuses. As to the motion to dismiss, although the Commonwealth did move on June 26, 2017, to

5

continue the June 28, 2017, trial date, that motion was denied. The trial date was also less than one year from the date of the defendant's arraignment. See Mass. R. Crim. P. 36 (b) (1) (C), 378 Mass. 909 (1979). Where there was thus no delay occasioned by the continuance request, we discern no basis for a speedy trial motion based on that request, and no deviation from accepted standards of practice in counsel's failure to bring such a motion. See Commonwealth v. Conceicao, 388 Mass. 255, 264 (1983) ("It is not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success").

As to the motion to suppress, the defendant provides no explanation as to what evidence was subject to suppression, or what such a motion might have accomplished. See Conceicao, 388 Mass. at 264. We therefore discern no ineffective assistance based on counsel's failure to file or argue either of these motions.

d. Constitutional claims. The defendant's claim that the denial of his motion for a new trial deprived him of his right to a jury under the United States Constitution or the Massachusetts Declaration of Rights does not rise to the level of appellate argument, and we do not consider it. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

2.  Motion for discovery.  The defendant's fourth motion for a new trial was accompanied by a motion for discovery of his children's therapy records dated January 2018 and later to substantiate his claim that, in touching the victim and damaging her cell phone, he was acting in defense of his children.  "The purpose of postconviction discovery is to allow a defendant to gather evidence to support an apparently meritorious claim . . . [where] the evidence that can be adduced to support the claim is unknown to the court (quotation and citation omitted)."  Commonwealth v. Daniels, 445 Mass. 392, 406-407 (2005).  "In order to prevail on a posttrial discovery motion, a defendant must demonstrate that it is reasonably likely that such discovery will lead to evidence possibly warranting a new trial . . . [and] must make a prima facie showing that the evidence sought would have materially benefited the defense."  Commonwealth v. Camacho, 472 Mass. 587, 598 (2015).  We review a judge's ruling on a motion for postconviction discovery for an abuse of discretion.  See id.

Even assuming without deciding that the records at issue support the defendant's claim that he acted in defense of the children when he took the victim's cell phone from her and broke it, he has not shown that the evidence would likely result in a new trial.  The evidence postdated the defendant's plea and did

7

not provide any additional weight to the defendant's claim that he was acting in the children's defense when he committed the ABFHM and damaged the cell phone.  In this circumstance, we discern no abuse of the judge's discretion in his decision to deny the motion for postconviction discovery.

Conclusion.[3]  The orders entered November 1, 2023, denying the defendant's motions for a new trial and for postconviction discovery are affirmed.

So ordered.

By the Court (Rubin, Hand & Smyth, JJ.[4]),

*Paul Little*

Clerk

Entered:  June 11, 2025.

---

[3] Given our conclusion that the defendant's motion for a new trial was properly denied, we do not address the defendant's contention that he "rescinded [the] waiver of rights" he made as a part of his plea.

[4] The panelists are listed in order of seniority.