NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-362

COMMONWEALTH

vs.

ABIDAN RIVERA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was arrested and charged with two counts of open and gross lewdness, in violation of G. L. c. 272, § 16, after he exposed himself to two children multiple times at a store in Saugus. The defendant later pleaded guilty to both counts in District Court. Five years later, the defendant filed a motion to vacate one of the guilty pleas, which was denied. On appeal, the defendant argues that the denial of his motion to vacate was an abuse of discretion because he committed only one continuous incident of exposing himself and he should have been convicted of only one count. Concluding that the judge did not abuse his discretion in denying the motion to vacate, we affirm.

Background.[1]  On November 11, 2016, two children, ages seven and eleven, reported to the police that the defendant had exposed his penis to them while they were in a store in Saugus. The children and their mother indicated that the defendant had followed the children throughout the store, pulled his shorts down, and showed them his genitals "several times while they were in the store."  The police spoke to the defendant, who admitted that he was not wearing underwear and "believed that at one point he had crouched down to look at some shoes and while adjusting his shorts, his genitals may have been exposed to the two children."  The police arrested the defendant and charged him with two counts of open and gross lewdness, in violation of G. L. c. 272, § 16.

On August 31, 2017, the defendant admitted that the above facts had happened and pleaded guilty to both counts of open and gross lewdness.  On December 23, 2021, the defendant filed a motion to vacate one of his guilty pleas from the Saugus incident.  The motion was denied, and this appeal followed.

Discussion.  "A defendant's motion for a new trial that seeks to withdraw a guilty plea is addressed to the plea judge's sound discretion, and we review the judge's decision for abuse of discretion or clear error of law."  Commonwealth v. Hart, 467

_____

[1] The facts are taken from a summary of the police report read at the guilty plea hearing.

2

Mass. 322, 324 (2014). At a plea hearing, the judge shall "make findings as to . . . whether there is an adequate factual basis for the charge[s]." Mass. R. Crim. P. 12 (c) (5), as amended, 489 Mass. 1501 (2022). "The plea judge need not determine that the defendant is guilty of the crime[s] charged, but 'only whether the evidence which [the judge] had heard, plus any information [the judge] has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge[s] to which the defendant is offering a plea of guilty.'" Commonwealth v. Donald, 101 Mass. App. Ct. 383, 385 (2022), quoting Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015).

In the police report, the officers wrote that the defendant was "charged with two counts of 272/16 Open and Gross Lewdness, one count for each victim." We agree with the defendant that this reason for charging the defendant with two counts was erroneous. As determined by this court in Commonwealth v. Botev, 79 Mass. App. Ct. 281, 288 (2011), a defendant may be convicted only once for each act of open and gross lewdness, regardless of the number of victims involved in each incident, because G. L. c. 272, § 16, "routinely is applied in a manner consistent with the view that the unit of prosecution is conduct-based and not victim-based." We reasoned that a victim-based approach could lead to absurd results; for example, a

3

person who runs naked onto the field at Fenway Park could be charged with 37,000 counts of open and gross lewdness. Id. at 288-289.

Following this reasoning, the defendant urges us to arrive at the same result we did in Botev and vacate one of the defendant's guilty pleas. He argues that, like in Botev, 79 Mass. App. Ct. 289, here "[t]he only conceivable rationale for the two separate convictions is the one we . . . reject, i.e., that there were two victims." On this point, we disagree. Although the police made an error in why they initially charged the defendant with two counts of open and gross lewdness, the defendant did not move to dismiss the charges for lack of probable cause, see Commonwealth v. Humberto H., 466 Mass. 562, 566 (2013), and in fact, pleaded guilty to both charges.

Regardless of the number of victims and why police initially charged the defendant with two counts, the plea judge heard facts that amply supported the inference that the defendant committed at least two separate offenses of open and gross lewdness. See Commonwealth v. Dykens, 473 Mass. 635, 640 (2016) ("Where a single statute is involved, we must decide whether two [or more] discrete offenses were proved under that statute rather than a single continuing offense" [quotation and citation omitted]); Botev, 79 Mass. App. Ct. at 289 ("where the Commonwealth did not establish two distinct, conduct-based

4

offenses, the judge could not have decided the case on that basis").  The first offense was the initial exposure to the victims, when the defendant claims he crouched down to look at a pair of shoes and his genitals were exposed.[2]  The second offense occurred when, having stood up again, the defendant pulled his pants down and showed the victims his penis.

The judge could have viewed the defendant's conduct, at a minimum, as "two distinct, conduct-based offenses."  Botev, 79 Mass. App. Ct. at 289.  Though the offenses happened in the same store, they occurred in separate parts of the store, the first in the shoe aisle and the other episodes across the rest of the store.  More importantly, the defendant's conduct was different; in the first incident the defendant was crouched down when he showed his genitals, while in the second set of incidents, the defendant repeatedly pulled his shorts all the way down as he was following the victims across the store.

On the facts in the record and to which the defendant agreed, these instances are sufficiently distinct to have accepted the defendant's guilty pleas to two counts of open and gross lewdness.  Additionally, the defendant has failed to show that he pleaded guilty based on the wrong unit of prosecution.

---

[2] Any ambiguity in the defendant's initial statement to the police that he only "may" have exposed himself was eliminated by his guilty plea.

Accordingly, we discern no abuse of discretion in the motion judge's denial of the defendant's motion to vacate one of the two convictions in this case.

<div style="margin-left:50%">

<u>Order denying motion to vacate guilty plea affirmed</u>.

By the Court (Ditkoff, Hand & D'Angelo, JJ.[3]),

*Joseph F. Stanton*

Clerk

</div>

Entered:  May 5, 2023.

---

[3] The panelists are listed in order of seniority.